## McCrickart *versus* The City of Pittsburgh.

88   133
136   80

88   133
f41SC²557

1. Where there is no mistake or fraud a voluntary payment cannot be recovered back on the mere ground that the one party was under no obligation to pay and the other had no right to receive.

2. Where a party would recover back taxes he is under no legal obligation to pay he must protest or give notice of his intention to reclaim them.

3. Where one resident files a bill to have an Act of Assembly declared void, such proceeding can have no effect as notice or claim by other citizens not parties to said bill.

November 16th 1878. Before SHARSWOOD, MERCUR, GORDON, PAXSON and TRUNKEY, JJ. AGNEW, C. J., and WOODWARD, J., absent.

Error to the Court of Common Pleas, No. 1, of *Allegheny county* : Of October and November Term 1878, No. 169.

Case by Samuel McCrickart, for himself and in trust for a number of others, to recover back from the city of Pittsburgh certain taxes paid by him to said city. A case in the nature of a special verdict was stated for the opinion of the court, of which the following is the substance : "That in pursuance of the Act of 10th May 1871, Pamph. L. 718, the councils of the city of Pittsburgh passed an ordinance to admit a portion of Wilkins township into the city of Pittsburgh, and that by virtue of said ordinance, on May 12th 1873, said portion was annexed to said city and incorporated therein

[McCrickart *v.* City of Pittsburgh.]

as the Thirty-seventh ward of said city; that by virtue of an ordinance for levying taxes and providing for the appropriations for 1874, various taxes for municipal purposes were levied upon the taxable inhabitants of said Thirty-seventh ward; that in pursuance of said ordinance, the city treasurer gave notice of the assessment of these taxes, and that five per cent. deduction would be allowed, if they were paid before the 1st of August 1874, and ten per cent. addition after that time; that under this notice, a portion of those persons represented by the plaintiff paid their taxes into the city treasurer's office, and that others paid them to the ward collector, who had the warrant of the city treasurer to collect them for the said Thirty-seventh ward.

That on the 29th day of November 1873, James Kelly, a resident of the said Thirty-seventh Ward, filed a bill in equity, in the Court of Common Pleas, No. 2, of Allegheny county, alleging that the incorporation of the said portion of Wilkins township, as the Thirty-seventh Ward, of the city of Pittsburgh, was irregular and void, and the same was so proceeded in, that the Supreme Court of Pennsylvania, at October and November Term 1875, decreed as follows: "That the ordinance of the city of Pittsburgh, entitled an ordinance to provide for the admission into the city of a portion of Wilkins township, passed by the councils thereof, on the 12th day of May, A. D. 1873, is null, void, and of no effect; that a writ of injunction issue against the defendant, the city of Pittsburgh, perpetually restraining the said city from levying taxes upon the lands of the plaintiffs mentioned in the bill, and situated in that part of the township of Wilkins, described in the bill, and from collecting any city taxes assessed thereon, and restraining the city of Pittsburgh from exercising corporate or municipal authority, in pursuance of the aforesaid ordinance over any part of the said Wilkins township, described in the plaintiffs' bill; that the bill be dismissed as to all the defendants, other than the city of Pittsburgh, and that the defendants, the city of Pittsburgh, pay the costs of suit, &c.," affirming the decree of the court below.

That the plaintiff in this suit, and his *cestuis que trustent*, were all taxable inhabitants of the said Thirty-seventh Ward, being the same territory as that mentioned in the decree above recited, at the time when these taxes were levied and collected.

That the said Samuel McCrickart, the plaintiff in this suit, is authorized and empowered to sue as trustee for these persons.

If the court shall be of opinion, that under the facts of the case as stated, the plaintiffs are entitled to recover, then judgment shall be entered generally for the plaintiffs in the sum of $4118.21, with interest on the amount paid by each from the date of payment. But if the court shall be of opinion that the plaintiffs are not entitled to recover for the "City School," "Ward School," and "Poor" taxes paid, then judgment shall be entered for the plaintiffs in the sum of $2301.40, with interest as above.

[McCrickart v. City of Pittsburgh.]

But if the court shall be of opinion that the plaintiffs are not entitled to recover in this action, then judgment shall be entered for the defendant.

The costs to follow the judgment, and either party reserving the right to sue out a writ of error thereon.

The court, Stowe, P. J., on March 8th 1878, entered the following decree: "Being of the opinion that under the facts set out in the case stated, the plaintiff is not entitled to recover in this action, either for himself or any other person for whose use the suit is brought, we therefore direct judgment to be entered in favor of defendant."

This entry of judgment was assigned for error.

*S. Schoyer, Jr.*, and *C. H. Kloman*, for plaintiff in error.— This was not the case of a general authority to tax, and a void and irregular assessment under it, upon persons and property subject to the jurisdiction of the city; in such cases, the authorities seem to require that the payment should have been made under protest, or under such circumstances as amount to duress; but that is not this case. The city was a wrongdoer and trespasser from the very beginning; there was a total want of any authority whatever to tax. The persons and property upon whom and which the tax was assessed were not, and never had been subject to its jurisdiction, and were at the time subject to another jurisdiction and another taxing power. The persons so taxed could not have any benefit in any way by the application of their money for any other municipal purpose.

It is therefore contended, that such taxes so paid under such circumstances, whether paid voluntarily or involuntarily, with or without protest, cannot be retained by the city: Amesbury Manufacturing Co. v. The Inhabitants of Amesbury, 17 Mass. 460; Hubbard v. Brainard, 35 Conn. 567: Louisville v. Henning, 1 Bush (Ky.) 381; Mayor &c. of Jersey City v. Riker, 38 N. J. L. 225; Wilson v. City of Allegheny, 29 P. F. Smith 273; Beckert v. City of Allegheny, 4 Norris 191; Breed v. City of Allegheny, Id. 214. But none of these payments were voluntary, because the treasurer's notice contains such a threat, that it, together with the tax laws, makes the payment compulsory: Preston v. Boston, 12 Pick. 13; Boston Water-power Co. v. Boston, 9 Met. 199; Atwell v. Zeluff, 26 Mich. 118; Lincoln v. Worcester, 8 Cush. 60; Hospital v. Phila. County, 12 Harris 229.

Payment of taxes to a collector, who has a tax bill and warrant in the form prescribed by law, is to be regarded as a compulsory payment; and if such taxes were assessed without authority, they may be recovered back in an action for money had and received, although the party made no protest before payment. The fact of protest being made is immaterial except as to the question of inter-

[McCrickart *v.* City of Pittsburgh.]

est: The Boston Glass Co. *v.* Boston, 4 Metc. 181; Vermont Central Railroad Co. *v.* Burlington, 28 Vt. 193.

*Thomas S. Bigelow*, City Solicitor, *contra.*—The taxes in this case were collected and expended, as it is expressly admitted by the case stated, for the ordinary purposes of the municipal government, and it is fair to presume that the benefits arising from the performance of the functions of government by the city of Pittsburgh, while its jurisdiction in point of fact extended over the territory embraced in what was known as the Thirty-seventh Ward, was equally as advantageous to the citizens and tax-payers of that ward as to any other portion of the city, and that they having enjoyed the benefits without any protest or warning upon their part to the city or its officers of an intention to dispute the legality of the tax, it is submitted that they must now be precluded from a recovery of the amount of taxes paid under such circumstances: Taylor *v.* Board of Health, 7 Casey 73; Borough of Allentown *v.* Saeger, 8 Harris 4 12; Wharton *v.* Borough of Birmingham, 1 Wright 371; Lester *v.* City of Baltimore, 29 Md. 415.

James Kelly did not represent the plaintiffs in his bill in equity, and the proceedings therein can have no bearing on this case.

The judgment of the Supreme Court was entered November 25th 1878,

PER CURIAM.—Had the plaintiff and those whom he represents paid their taxes under protest, or with notice that they would reclaim them, they might have had some ground to stand upon. But as it was the city had a right to consider the money as their own and deal with it accordingly—just as an individual would under similar circumstances. Where there is no mistake or fraud a voluntary payment cannot be recovered back on the mere ground that the one party was under no obligation to pay and the other had no right to receive. Taylor *v.* The Board of Health, 7 Casey 73, and Borough of Allentown *v.* Saeger, 8 Harris 421, rule this case. James Kelly did not represent the plaintiffs in the bill he filed, and that proceeding can have no effect as notice or claim by them.

Judgment affirmed.