## Phipps et al., Trustees, *v.* Kirk, Treasurer, Appellant.

480

Argued January 12, 1939.   Before KEPHART, C. J.,
SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*N. R. Criss,* for appellant.

*Mahlon E. Lewis,* with him *Harold R. Schmidt,* and
*Stewart & Lewis,* for appellees.

OPINION BY MR. JUSTICE DREW, March 22, 1939:
Pursuant to the provisions of the Act of July 9, 1897,
P. L. 219, appellees, as the owners of certain real estate
situated in the City of Pittsburgh, appealed to the Court
of Common Pleas from the triennial assessments for the
years 1937, 1938 and 1939, as reduced by the Board of
City Assessors of the City of Pittsburgh acting as a
Board for the Revision of Taxes.   The court materially

reduced the valuations fixed by the assessors, exonerations were thereafter issued adjusting the tax on the Treasurer's books to the new valuations and corrected tax assessments were given to the appellees covering city and school taxes for the years 1937 and 1938, to which were added the penalties and interest claimed to have accrued, under the Act of May 12, 1911, P. L. 295, as amended by the Acts of May 31, 1913, P. L. 390, June 15, 1915, P. L. 976, and July 20, 1917, P. L. 1173, while appellees' appeals to the board and the lower court were pending. Immediately upon receipt of the corrected tax statements, appellees offered to pay the face amount of their taxes, but the Treasurer of the Board of Public Education of the School District of Pittsburgh (hereinafter called the Treasurer) refused to accept such payment unless appellees also tendered the penalties and interest figured on the reduced valuations. Thereupon, the lower court, on petition of appellees, issued a writ of alternative mandamus, to which the Treasurer filed an answer praying that the petition be dismissed and the writ be quashed; and after hearing an order was entered directing that a writ of peremptory mandamus forthwith issue against the Treasurer requiring his acceptance, in full payment of the school tax liability of appellees for the years 1937 and 1938, the face amounts shown to be due by the tax bills issued by him as Treasurer in conformity with the reduced assessments fixed by the court, without the addition of the penalties and interest thereon. From which order this appeal is taken by the Treasurer.

. While the Act of 1897, under which these proceedings were originally instituted, provides for no right of appeal from the decision of the court below, nevertheless this court will consider the case as on certiorari: *Schmuck v. Hartman*, 222 Pa. 190; *Pittsburgh Brewers, etc., Supply Co.'s Mercantile Tax*, 38 Pa. Superior Ct. 121.

There is but one question for our consideration, i. e., can penalties and interest on unpaid taxes for the years covered by an assessment which have allegedly accrued while his appeal is pending, and as the result of which litigation he obtains a substantial reduction in the assessed valuation, be exacted from a taxpayer, where the statute allowing the appeal contains no provision for a refund of any excess in case a reduction is had. Regardless of what might be decided under other circumstances, a thorough consideration of this case convinces us that, on its facts, the appellees should not be required to pay the penalties and interest here in question.

Believing that the original assessments of the Board of Assessors were grossly excessive, appellees diligently proceeded under the Act of 1897, the only applicable statute, to seek a reduction thereof, first, by appeal to the Board, and then to the Court of Common Pleas; they, sustaining the appellees' belief, reduced the valuations in an amount of over $1,000,000. The Act of 1897 contains no proviso that if an appeal was taken by the taxpayer from an assessment such appeal should not prevent the taxing authorities from collecting the taxes complained of, nor does it provide that if the taxes were paid on the original assessment there could be a refund of any excess in case a reduction was secured. Such provisions are embodied in the Act of May 22, 1933, P. L. 853, which relates only to appeals from county assessments, but repeals the following: Act of April 19, 1889, P. L. 37, as amended by the Act of June 12, 1931, P. L. 548; Act of June 26, 1901, P. L. 601, as amended by the Act of June 12, 1931, P. L. 547, all of which contained similar provisos. Since the Treasurer took no steps to enforce payment during the pendency of the litigation, and since the Act of 1897 failed to provide for a refund and under such circumstances a payment in whole or in part would have been deemed a voluntary one, appellees justly did not pay or offer to pay the tax, or any part thereof, based on the original assessments,

but rather awaited the successful conclusion of their ap-
peal to the Court of Common Pleas, when they promptly
tendered the tax at face based on the reduced assess-
ments. In this connection, Mr. Chief Justice KEPHART,
in *Wilson v. Phila. School Dist.*, 328 Pa. 225, 243, said:
"This court has uniformly adhered to the well-estab-
lished rule that 'money voluntarily paid on a claim of
right, where there has been no mistake of fact, cannot
be recovered back on the ground that the party supposed
he was bound in law to pay it when in truth he was not':
*Union Ins. Co. v. City of Allegheny*, 101 Pa. 250, 255. In
that case Justice MERCUR set forth the requisites to the
maintenance of an action to recover back tax payments:
the tax must have been void, the money received by the
municipal corporation, and the payment by the plaintiff
made under compulsion. Unless these elements are
present, mere protest is of no avail in the absence of a
statutory right permitting recovery on a different basis.
In *Phila. & Reading C. & I. Co. v. Tamaqua Borough
School District*, 304 Pa. 489, 494, the same principle is
enunciated: 'Undoubtedly, the well established rule in
this State is that a voluntary payment of taxes to the
public authorities, without any duress, threats, or mis-
statements on the part of the latter, or protest and no-
tice of intention to reclaim on the part of the taxpayer,
precludes subsequent recovery of any overpayment:
*Shenango Furnace Co. v. Fairfield Twp.*, 229 Pa. 357;
*McCrickart v. Pittsburgh*, 88 Pa. 133. If the payment
was a voluntary one, it may not be recovered unless a
statute so provides: *Investor's Realty Co. v. Harrisburg*,
281 Pa. 200.' See *Kennedy's Estate*, 321 Pa. 225, 233-
234. In view of these authorities, no taxes which have
been voluntarily paid in the past can now be recovered
without the aid of a statutory remedy." See also *Peebles
v. City of Pittsburgh*, 101 Pa. 304, 310; *Friedline v.
Somerset Borough*, 114 Pa. Superior Ct. 49, 52.

The presumption will always be that an act was in-
tended to have the most reasonable and beneficial opera-

tion which its verbiage permits, where the legislative purpose is not clearly apparent: 25 R. C. L., section 255, page 1018. "When the words of a statute are not explicit, the intention of the legislature is to be collected . . . by looking to the occasion and necessity for the law and the circumstances under which it was enacted, to the mischief to be remedied, the object to be obtained, . . . by looking to the old law upon the subject, if any, and to other statutes upon the same or similar subjects, by considering the effects and consequences of a particular construction . . . :" 25 R. C. L., section 252, page 1012, and cases cited. Therefore, when the Act of May 12, 1911, P. L. 295, as amended, under which the Treasurer seeks to exact the penalties and interest from the appellees, is read in the light of the provisions of the Act of 1897, allowing appeals from excessive assessments but lacking any provision for a refund, it is quite clear that the only logical and reasonable intent of the legislature in the enactment of such legislation was that, under such circumstances as here, the taxpayers were not to be considered delinquent, during the pendency of their litigation, in the payment of the tax which they successfully contested by obtaining a substantial reduction. Any other conclusion would be an absurdity and would make an appeal by such taxpayers a vain and useless thing. If, as contended by appellant, such taxpayers could be required to pay penalties and interest computed from the time of the original assessment upon the amount the court eventually found to be due, then savings which were effected by their appeal would be exacted from them by the taxing authorities under the guise of penalties and interest.

There was no duty imposed upon the appellees in the present instance to point to legislation relieving them of the penalties and interest, since such are not clearly imposed upon them; but rather the burden rested upon the taxing authorities to show that the taxpayers were subject to the penalties and interest claimed, for tax

laws are to be interpreted most strongly against the government, and most favorably to the taxpayers: *Husband's Est.,* 316 Pa. 361, 369.

Furthermore, this court has definitely decided, in *Ferguson v. Pittsburgh,* 159 Pa. 435, against the contention of appellant. There the taxpayer appealed to the Court of Common Pleas from the triennial assessment under the provisions of the Act of April 19, 1889, P. L. 37, now repealed, which statute was somewhat similar to the Act of 1897 here involved, except, as heretofore mentioned, it contained a provision that in case a taxpayer secured a reduction, any excess in payment should be returned to him. Upon the lower court substantially reducing the assessment, the taxpayer tendered the tax computed on such reduced valuation, but the City Treasurer refused to accept it unless a five per cent penalty was also paid. On appeal, this court, in holding the taxpayer not liable for the penalty, said (p. 439): "To say the taxpayer is delinquent merely because, without demand, he does not pay over more than $6,000 of his money, when he believes he does not owe more than $3,000, and it afterwards turns out, by judicial decree, he was in the right, it seems to us is a misapplication of the term delinquent. Clearly, by the inaction of the city, its demand was held in abeyance until the adjudication on the appeal, and during this interval there was no such delinquency as warranted the imposition of the penalty imposed by the act." This language and reasoning rule this case. It is particularly apposite here, because appellees disputed an assessment which the board and the court reduced in an amount of over $1,000,000, and there was no statutory protection for them in case the tax was paid during the pendency of the appeal. Inasmuch as there was such a wide divergence between the taxing power and the owner, and the latter was found to be correct, it would be most unjust to require him to pay penalties and interest for his success. To do so would

destroy all the benefits of the appeal; the very intention of the statute would be nullified.

The cases cited by the appellant, not being in point, are not in conflict with the rule laid down in *Ferguson v. Pittsburgh,* supra. Appellant admits that appellees may have been justified, under the existing law, in not paying the tax in full during the pendency of the litigation since to do so might have been construed as an abandonment of their appeals, but contends that such construction could not be placed upon a partial payment, relying on *Phila. & Reading C. & I. Co. v. Tamaqua Borough School District,* supra. It must be borne in mind that in that case the court was considering the Act of 1889, which, as heretofore stated, contained a proviso for a refund of any excess, but, as we said in *Wilson v. Phila. School Dist.,* supra, without such provision, there can be no recovery of any taxes voluntarily paid.

The order of the lower court is affirmed at the cost of appellant.