378 Pa. 294 (1954)
Graybar Electric Company, Inc.
v.
Pittsburgh School District, Appellant.
Supreme Court of Pennsylvania.
Argued March 30, 1954.
June 28, 1954.
Before STERN, C.J., STEARNE, JONES, BELL, MUSMANNO and ARNOLD, JJ.
*295 Oscar G. Peterson, Assistant Solicitor, with him Mortimer B. Lesher, Solicitor and Niles Anderson, Assistant Solicitor, for appellants.
W. Denning Stewart, for appellee.
OPINION BY MR. JUSTICE JONES, June 28, 1954:
The Act of June 20, 1947, P.L. 745, as re-enacted and amended, 24 PS § 582.1 et seq., provides that, beginning with the year 1948 and annually thereafter, every school district of the first class shall issue mercantile licenses and levy and collect an annual mercantile license tax at the rate of one-half mill on each dollar of the volume of the annual gross business transacted by wholesale vendors and brokers. The School District of the City of Pittsburgh accordingly levied such tax for the year 1948 and for subsequent years and adopted regulations for the administration of the impost. The Graybar Electric Company, a New York corporation, was engaged in business as a wholesale vendor and broker of electrical supplies and equipment and, for such purposes, had an office within the School District of the City of Pittsburgh. Graybar seasonably obtained mercantile licenses, made tax returns and paid taxes on account thereof for the years 1948, 1949 and 1950.
On October 23, 1950, following an examination of Graybar's books, the school district made additional tax claims for the years 1948, 1949 and 1950 and also claimed penalties at the rate of 1% per month and interest at the rate of ½% per month from the due *296 date of each year's tax claim.[1] Graybar appealed the additional tax assessment to the Court of Common Pleas of the county, contending that the imposition of the additional taxes was based in part on receipts from interstate commerce transactions, which were not within the taxing power of the school district, and on an improper classification of certain other transactions. The hearing judge dismissed the appeal in respect of the claim concerning receipts from interstate commerce and sustained the appeal in respect of the improper classification. The trial judge held Graybar accountable for interest on the unpaid tax claim from the due date of the tax but, in express reliance on our decision in Fidelity-Philadelphia Trust Company v. Hines, 337 Pa. 48, 10 A. 2d 553, relieved the company from the payment of any penalties prior to the date of the court's decree nisi, viz., April 7, 1952. The court en banc sustained the trial judge as to the decision on the merits but relieved Graybar of liability for any penalties or interest on account of the unpaid taxes prior to the date of the final decree, viz., October 29, 1952.
Within the period limited therefor, the school district appealed to this court. In the meantime, the taxpayer had paid the additional taxes, as found by the court below to be due and owing, with interest thereon from the date of the court's final order. Graybar moved to quash the appeal, principally, on the alleged ground that the matter involved was moot. The payment did not, however, constitute an accord and satisfaction of the whole of the school district's claim nor could it have been so intended, as evidenced by the taxpayer's accompanying letter of transmittal. Neither *297 was the school district, which is a public body, estopped by its receipt of a part of its claim from proceeding with the action for the recovery of the disallowed balance. Not until the time for an appeal from the final order would have expired could the litigation be held to have been concluded. There is no merit in the other reasons assigned in the motion to quash which, accordingly, will be denied.
No question is here involved with respect to the determination of the principal claim on its merits. The sole issue presented by this appeal is whether the learned court below erred in relieving Graybar from liability for interest on the unpaid taxes from the due date thereof to the date of the court's final order and from liability throughout for the additional penalty.
Notwithstanding some seeming contrariety of opinion in our cases with respect to the power of a court to relieve a delinquent taxpayer from liability for statutorily prescribed interest and penalties on unpaid taxes, we think the question has been definitely settled, adversely to the present taxpayer's contention (so far as the School Mercantile Tax Act of 1947, as amended, is concerned) by our decision in Goldstein v. Pittsburgh School District, 372 Pa. 188, 199-200, 93 A. 2d 243. Section 9 (b) of the Act of 1947, supra, 24 PS § 582.9 (b), in presently material part, provides that,  "If for any reason the tax is not paid when due in each year, interest at the rate of six per centum (6%) per annum on the amount of said tax, and an additional penalty of one per centum (1%) of the amount of unpaid tax for each month, or fraction thereof, during which the tax remains unpaid, shall be added and collected" (Emphasis supplied). This statutory language is clear and unambiguous. It specifies that taxes not paid on the due date automatically become subject to interest and penalties regardless *298 of the reason for the nonpayment. The validity of 9 (b) of the Act was expressly declared in Goldstein v. Pittsburgh School District, supra, where Mr. Justice BELL, speaking for this court, said that,  "If the imposition of interest and penalties upon a taxpayer who makes an honest mistake are inequitable and too severe, without being confiscatory . . . the remedy lies with the legislature or with city councils and not with the Courts." In Keystone Metal Company v. Pittsburgh, 374 Pa. 323, 332, 97 A. 2d 797, the Goldstein case was cited in the opinion for the court by Chief Justice STERN as controlling authority for the proposition that "notwithstanding that the taxpayer's omission to pay the mercantile tax due was found by the trial judge to have been in good faith on his part and with no intent to evade proper payment, . . . interest at the rate of 6% per annum and an additional penalty of 1% a month contained in the mercantile license tax provisions of the City of Pittsburgh and the School District of Pittsburgh were properly assessed against the taxpayer." It is only fair to note that the decisions in the Goldstein and Keystone cases had not yet been handed down by this court when the learned court below reached its conclusions in the instant case. Nonetheless, the decisions in those cases are dispositive of the narrow question here raised.
The cases cited by the appellee are not presently germane. Phipps v. Kirk, 333 Pa. 478, 5 A. 2d 143, was not concerned with the mandate of the Mercantile Tax Act of 1947 imposing the duty to collect interest and penalties on overdue taxes. The delay in payment in the Phipps case was due to the fact that the taxpayers' triennial real estate assessment was not definitely settled and the correct tax determinable until the taxpayers' assessment appeal had been disposed of by the court which made a substantial reduction in the *299 amount of the assessment. Moreover, that case was treated by this court as sui generis. It was there said that "Regardless of what might be decided under other circumstances, a thorough consideration of this case convinces us that, on its facts, the appellees should not be required to pay the penalties and interest here in question." In Brown & Zortman Machinery Company v. Pittsburgh, 375 Pa. 250, 100 A. 2d 98, the taxpayer had not failed to pay the correct amount of tax. The claim for additional taxes arose because of the taxing authority's correction of its own erroneous classification of the taxpayer's amenable status. The taxing authority first advised the taxpayer that it was taxable as a broker, then as a wholesale vendor and, finally, as a retail vendor. Even so, the taxpayer was properly required to pay interest on the additional tax claim. But, in the circumstances there appearing, we held that it would be grossly inequitable to exact payment of penalties when the deficiency resulted from the taxpayer's reliance on its business status as determined by the taxing authority. Penalty connotes punishment for fault, neglect or wrong, but the fault in the Brown & Zortman case was not the taxpayer's.
The case of H.J. Heinz Company v. School District of Pittsburgh, 170 Pa. Superior Ct. 441, 87 A. 2d 85, is in direct conflict with the express statutory requirement that penalties and interest be imposed when for any reason the mercantile tax is not paid when due. The ruling in the Heinz case cannot, therefore, be approved. The statement in Fidelity-Philadelphia Trust Company v. Hines, supra, upon which the court below relied in the instant case, was considerably modified by the opinion of Chief Justice STERN for this court in the Keystone Metal case, supra, as follows: "It is true that in Fidelity-Philadelphia Trust Co. v. Hines, [supra], we said that `harsh penalties or *300 unusual interest rates cannot be imposed, pending litigation intended to test the construction or validity of an act, so as to deter or intimidate parties affected thereby from resorting to the courts for that purpose.' The interest charge in the present instance of 6% per annum is not at an unusual rate, and the penalty of 1% per month is not so unduly harsh or sufficient in amount to be calculated to deter or intimidate a party affected thereby from resorting to the courts in order to test the construction or validity of this legislation."
The order of the court below is amended so as to include penalties and interest on the unpaid taxes from their due date and, as so amended, is affirmed at the appellee's costs.
NOTES
[1] The due dates were March 31, 1948, for the 1948 tax; March 15, 1949, for the 1949 tax; and March 15, 1950, for the 1950 tax.