*Decision will be entered under Rule 50.*

KEYSTONE METAL COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 62988. Filed March 31, 1958.

*Lee W. Eckels, Esq.*, for the petitioner.
*David L. Ketter, Esq.*, for the respondent.

## OPINION.

TIETJENS, *Judge:* The Commissioner determined a deficiency in petitioner's income tax for the year 1953 in the amount of $53,316.45. The only issue for decision is whether petitioner is entitled to a deduction in the year 1953 in the amount of $8,271.07 paid to the City of Pittsburgh and the School District of Pittsburgh as a so-called penalty for nonpayment of mercantile license tax when due.

All of the facts are stipulated. They are found as stipulated and are incorporated herein by reference.

Petitioner is a Pennsylvania corporation with its principal place of business in Pittsburgh, Pennsylvania. Petitioner's income tax and excess profits tax returns for 1953 were filed with the district director of internal revenue for the Pittsburgh district at Pittsburgh.

Petitioner is engaged in the business of buying and selling nonferrous metals as a wholesale vendor or dealer and as a broker and has been so engaged in such business since its incorporation on March 8, 1947.

On June 20, 1947, the Pennsylvania School Mercantile License Tax Act was adopted. It provides that beginning with the year 1948 and annually thereafter every school district of the first class (of which the School District of Pittsburgh, hereafter sometimes referred to as the School District, was one) shall levy and collect an annual mercantile license tax. Such tax was imposed against wholesale vendors and dealers at the rate of one-half mill on each dollar of the volume of the annual gross business transacted.

On December 1, 1947, the City of Pittsburgh (hereinafter sometimes referred to as the City) adopted Ordinance 488 which became effective on January 1, 1948, providing for the levying and collecting of an annual mercantile license tax beginning with the year 1948. Such tax was imposed against wholesale vendors and dealers at the rate of 1 mill on each dollar of the volume of the annual gross business transacted.

Section 9 (b) of Ordinance 488 provides, in part, as follows:

If for any reason the tax is not paid when due in each year, interest at the rate of six per centum (6%) per annum on the amount of said tax, and an additional penalty of one per centum (1%) of the amount of the unpaid tax for each month or fraction thereof during which the tax remains unpaid shall be added and collected.

Section 12 of the Ordinance provides for payment under protest and refunds. That section was added in its entirety by amendment on December 24, 1949. It was made expressly retroactive to January 1, 1948.

Both the City and School District promulgated substantially similar regulations for the administration of their respective mercantile license taxes to be effective from January 1, 1948. Such regulations were in effect until January 1, 1952, at which time new regulations were adopted.

In preparing and filing its 1948 City and School District mercantile license tax returns and paying the taxes shown thereon to be due, petitioner did not include in such returns nor pay taxes on the gross receipts from certain sales of copper scrap to the Westinghouse Electric Corporation and the National Electric Products Corporation. This course of action was taken after petitioner had consulted its counsel and was advised that gross receipts from such sales of copper scrap should not be included in its mercantile license tax returns nor taxes paid thereon, because, in counsel's opinion, (1) such sales were in interstate commerce not subject to mercantile license taxes and (2) if petitioner included such receipts in its returns and paid taxes thereon it could not obtain refund of the taxes so paid because of the absence of any provision in the City Ordinance or the Pennsylvania School Mercantile Tax Act and the regulations promulgated thereon permitting or authorizing refunds of overpayments of such taxes.

On June 13, 1950, the Treasurer of the City of Pittsburgh, acting in behalf of both the City and the School District, assessed a deficiency in the City's mercantile license tax for the year 1948 in the amount of $9,935.37 plus penalty and interest, and a deficiency in the School District's mercantile license tax for such year in the amount of $4,967.68 plus penalty and interest.

After an administrative hearing before the Treasurer of the City at which the deficiencies were sustained, petitioner on November 29, 1950, subsequently filed appeals from such deficiencies in mercantile license taxes in the Court of Common Pleas of Allegheny County, Pennsylvania. On February 20, 1952, that court filed decrees nisi sustaining the assessment of the deficiencies together with penalties and interest thereon. Petitioner filed exceptions to the decrees nisi, and, on October 29, 1952, the court en banc entered final decrees sustaining assessments of deficiencies in the respective amounts of $9,925.71 and $4,962.85, but relieving petitioner of all penalties and interest accrued thereon to the date of such final decrees.

On November 25, 1952, after the decision of the court en banc, petitioner paid, under protest, the deficiencies in mercantile license tax, together with penalties and interest from the date of the decrees to

the date of payment, such penalties and interest amounting to $143.19 and $71.61, respectively, for such year.

Petitioner and the City and School District filed cross appeals to the Supreme Court of Pennsylvania from the final decrees of the Court of Common Pleas. The Supreme Court of Pennsylvania sustained the assessments of deficiencies in mercantile license taxes and reinstated the penalties and interest. 374 Pa. 323, 97 A. 2d 797 (1953). Petitioner subsequently filed a petition for certiorari from the decision of the Supreme Court of Pennsylvania with the Supreme Court of the United States. This petition was denied. 346 U. S. 887 (1953). Petition for a rehearing also was denied. 346 U. S. 917 (1953).

On July 17, 1953, petitioner paid penalties and interest to the City and School District upon the deficiencies in its 1948 mercantile license taxes in the following amounts:

|  | Penalty | Interest | Total |
|---|---|---|---|
| City of Pittsburgh | $5,462.94 | $2,731.47 | $8,194.41 |
| School District of Pittsburgh | 2,731.47 | 1,365.72 | 4,097.19 |
|  | 8,194.41 | 4,097.19 | 12,291.60 |

Also during the year 1953 petitioner paid additional interest and penalties to the City and School District upon its mercantile license tax liabilities for the years 1951, 1952, and 1953, in the following amounts:

| Year | Penalty | Interest | Total |
|---|---|---|---|
| 1951 | $52.93 | $26.47 | $79.40 |
| 1952 | 20.28 | 10.14 | 30.42 |
| 1953 | 3.45 | 1.73 | 5.18 |

Petitioner on its income tax return for the year 1953 claimed a deduction on Schedule G for mercantile taxes paid in the amount of $18.434.43. Included in that sum was the amount of $8,271.07 which represented penalties paid.

The Commissioner determined that the penalties of $8,271.07 paid to the City and School District were not allowable deductions.

Petitioner contends that the $8,271.07, although called a penalty, was by its nature an interest payment and should have been allowed by the Commissioner as a deduction under section 23 (b). Petitioner points to the fact that the amount of the penalty to be imposed is based upon two factors: (1) The amount of money representing the unpaid tax detained and used, and (2) the length of the period for which such money is detained. Petitioner therefore argues that the penalty is nothing more than a rate per cent of money fixed by law as

compensation to the City and School District for the detention and use of their moneys, and thus no matter by what name it is called, the penalty is nothing but interest.

We cannot agree with petitioner. A penalty is a sanction imposed to compel timely payment. Interest is compensation for delay in payment. *De Laney* v. *City and County of Denver*, 185 F. 2d 246, 253–254 (C. A. 10, 1950). We think both of the above are present in City Ordinance 488 and the Pennsylvania School Mercantile License Tax Act. They provide that if for any reason the mercantile taxes are not paid when due, there shall be added *interest* at the rate of 6 per cent per annum *and* an *additional penalty* of 1 per cent of the unpaid tax for each month during which the tax remains unpaid. Thus it appears to us that the statute intended the penalty to be something other than interest, namely, a punishment for the nonpayment of taxes when due. *United States* v. *Childs*, 266 U. S. 304 (1924). The tenor of the decisions of the Pennsylvania Supreme Court is consistent with our view. See *Goldstein* v. *School District of Pittsburgh*, 372 Pa. 188, 93 A. 2d 243 (1952); *Keystone Metal Co.* v. *City of Pittsburgh*, 374 Pa. 323, 97 A. 2d 797 (1953), certiorari denied 346 U. S. 887, rehearing denied 346 U. S. 917; *Graybar Electric Co.* v. *School District of Pittsburgh*, 378 Pa. 294, 106 A. 2d 413 (1954).

We hold that the $8,271.07 which petitioner paid to the City and School District was not interest, but was a penalty. *New York* v. *Jersawit*, 263 U. S. 493 (1924). *Kossar & Co.*, 16 B. T. A. 952.

In the alternative, petitioner contends that it should be allowed to deduct the penalties as an ordinary and necessary business expense under section 23 (a). Petitioner argues that the penalties arose not from a willful or intentional violation of the law, but from a misunderstanding of the law made in good conscience and on the basis of legal advice. Petitioner therefore argues that the penalties imposed against it were expenses incurred in carrying on a trade or business, and under the circumstances of this case, to allow petitioner a deduction would not offend public policy or frustrate the effectiveness of the City and School District mercantile tax laws.

Petitioner's alternative contention must be rejected. To allow petitioner to deduct the penalties would frustrate the policy of the State of Pennsylvania and the City of Pittsburgh in severe and direct fashion by mitigating the punishment prescribed for petitioner's violation. *Tank Truck Rentals* v. *Commissioner*, 356 U. S. 30 (1958). The penalties are therefore not a "necessary" expense of carrying on petitioner's business within the meaning of section 23 (a) and consequently are not deductible under that section. *Tank Truck Rentals* v. *Commissioner, supra*. That the penalties resulted from an innocent violation of the mercantile tax laws does not change the result since neither the

Act nor the Ordinance distinguish between innocent and willful violators and thus State and City policy are as much thwarted in one instance as in the other. *Tank Truck Rentals* v. *Commissioner, supra; Hoover Express Co.* v. *United States,* 356 U. S. 38 (1958).

*Decision will be entered for the respondent.*