**KEYSTONE METAL COMPANY,**
Petitioner,

v.

**COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.**

No. 12672.

United States Court of Appeals
Third Circuit.

Argued Dec. 16, 1958.

Decided Feb. 26, 1959.

Lee W. Eckels, Pittsburgh, Pa. (Henry A. Morrow, Jr., Thorp, Reed & Armstrong, Pittsburgh, Pa., on the brief), for petitioner.

Karl Schmeidler, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Attorneys, Department of Justice, Washington, D. C., on the brief), for respondent.

Before BIGGS, Chief Judge, and McLAUGHLIN and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

This is a petition for review of a decision of the Tax Court upholding the Commissioner's finding of a deficiency in petitioner's 1953 income tax return. The Tax Court held that in the circumstances of this case statutory penalties paid to the City of Pittsburgh and the School District of Pittsburgh for late payment of certain mercantile taxes are not deductible from gross incomes as "ordinary and necessary" business expenses within the meaning of Section 23(a) of the Internal Revenue Code of 1939. 26 U.S.C., 1952 ed., § 23(a). The deductions were disapproved on the ground that their allowance would directly and seriously frustrate the public policy of Pennsylvania by mitigating punishment imposed for failure to pay taxes when due.

The facts are these. In 1947 the Pennsylvania legislature passed the Pennsylvania School Mercantile License Tax Act and also authorized the City of Pittsburgh to levy a similar tax. The school tax was a tax of ½ mill on each dollar of annual gross business transacted by a wholesale vendor within the district. The incidence of the city tax was the same, but the rate was one mill on each dollar. The taxes became effective in 1948.

With these taxes in force, petitioner, whose business is buying and selling nonferrous metals, sought legal advice as to whether the proceeds of sales of copper scrap by a Pittsburgh seller to a Pittsburgh buyer were properly included as taxable gross receipts, where the scrap metal was procured from various places outside of Pennsylvania and delivered in New Jersey for use there, as directed by the Pennsylvania buyer. Counsel advised petitioner that the involvement of interstate commerce was such that the proceeds of these transactions were probably not subject to the local taxes and, moreover, that no tax should be tendered in this doubtful situation because the Pennsylvania cases clearly held that a voluntary payment of tax precludes any subsequent recovery of the money. H. J. Heinz Co. v. School District of Pittsburgh, 1952, 170 Pa.Super. 441, 87 A.2d 85; Phipps v. Kirk, 1939, 333 Pa. 478, 5 A.2d 143; Wilson v. School District of Philadelphia, 1937, 328 Pa. 225, 195 A.

90, 113 A.L.R. 1401. Only by withholding payment could the doubtful question of liability be tested.[1] Accordingly, petitioner did not include these sales in its 1948 return.

Thereafter, a deficiency was assessed against petitioner and the question was fully litigated. The final ruling in the case was a denial in 1953 of petitioner's application to the Supreme Court for a writ of certiorari to the Supreme Court of Pennsylvania. Keystone Metal Co. v. City of Pittsburgh, 1953, 346 U.S. 887, 74 S.Ct. 139, 98 L.Ed. 391, rehearing denied 346 U.S. 917, 74 S.Ct. 273, 98 L.Ed. 413. The ruling of the State Supreme Court, 1953, 374 Pa. 323, 97 A.2d 797, had upheld a decision of the Court of Common Pleas of Allegheny County that the sales were taxable, but had reversed a holding that the statutory penalty of 1% per month for late payment should not be imposed in this case. As to this the state court of last resort said: "The interest charge in the present instance of 6% per annum is not an unusual rate, and the penalty of 1% per month is not so unduly harsh or sufficient in amount to be calculated to deter or intimidate a party affected thereby from resorting to the courts in order to test the construction or validity of this legislation." 374 Pa. at page 333, 97 A.2d at pages 801–802. At the conclusion of the litigation the taxpayer paid the penalty and then claimed that amount in its 1953 income tax return as a deduction.

■ Section 23(a) of the Internal Revenue Code of 1939 permits deductions from gross income of a business for "ordinary and necessary" expenses. In the application of this subsection an expense which is "ordinary and necessary" in business contemplation may nevertheless be disallowed because its allowance would frustrate some proper state or national public policy. Commissioner of Internal Revenue v. Heininger, 1943, 320 U.S. 467, 64 S.Ct. 249, 88 L.Ed. 171. This principle is frequently applied to prevent the deduction of sums paid to the state as statutory penalties. Burroughs Building Material Co. v. Commissioner, 2 Cir., 1931, 47 F.2d 178; Helvering v. Superior Wines & Liquors, Inc., 8 Cir., 1943, 134 F.2d 373; DeLaney v. City and County of Denver, 10 Cir., 1950, 185 F.2d 246. "The sense of the rule that statutory penalties are not deductible from gross income is that the penalty is a punishment inflicted by the state upon those who commit acts violative of the fixed public policy of the sovereign, wherefore to permit the violator to gain a tax advantage through deducting the amount of the penalty as a business expense, and thus to mitigate the degree of his punishment, would frustrate the purpose and effectiveness of the public policy." Commissioner of Internal Revenue v. Longhorn Portland Cement Co., 5 Cir., 1945, 148 F.2d 276, 277.

This rule and its normal application have most recently been reaffirmed in Tank Truck Rentals, Inc. v. Commissioner, 1958, 356 U.S. 30, 78 S.Ct. 507, 2 L.Ed.2d 562, and the companion case, Hoover Motor Express Co. v. United States, 1958, 356 U.S. 38, 78 S.Ct. 511, 2 L.Ed.2d 568. However, in the Tank Truck Rentals case the Court carefully qualified its ruling by saying that "the rule as to frustration of sharply defined national or state policies is [not] to be viewed or applied in any absolute sense. * * * Although each case must stand on its own facts * * * the test of nondeductibility always is the severity and immediacy of the frustration resulting from allowance of the deduction.

---

1. We are not impressed by an argument of the Commissioner that the taxpayer failed to take advantage of a subsequent change in this legal situation. It was not until 1952 that the City and the School District adopted regulations providing for the first time for payment of mercantile taxes under protest as a basis for suit for refund. The deficiency in the taxpayer's 1948 mercantile tax had long since been assessed and litigation of the matter in the Pennsylvania courts was well advanced. At that late date taxpayer could not be expected to make a fresh start utilizing the newly available method of contesting liability to avoid risk of additional penalty for late payment.

The flexibility of such a standard is necessary if we are to accommodate both the congressional intent to tax only net income, and the presumption against congressional intent to encourage violation of declared public policy." 356 U.S. 35, 78 S.Ct. at page 510. Significantly, the Court cited with approval as an illustration of this limitation, Jerry Rossman Corp. v. Commissioner, 2 Cir., 1949, 175 F.2d 711, in which a tax deduction of the amount of a statutory penalty was found proper and not offensive to any defined public policy. Cf. Commissioner of Internal Revenue v. Sullivan, 1958, 356 U.S. 27, 78 S.Ct. 512, 2 L.Ed.2d 559, decided the same day as Tank Truck Rentals, Inc. v. Commissioner, supra; National Brass Works v. Commissioner, 9 Cir., 1950, 182 F.2d 526, 20 A.L.R.2d 590. See also the division of the Court of Appeals for the Tenth Circuit on the question whether state policy was in fact frustrated in any serious or significant way in a given situation in United States v. Winters, 10 Cir., 1958, 261 F.2d 675.

It follows that decision in this case must turn upon the question whether in the actual circumstances as they appear here the allowance of a federal tax deduction in the amount of the state imposition would directly and in a significant way frustrate a defined state policy against the conduct which resulted in the penalty.

In sustaining the very "penalty" involved in this case the Supreme Court of Pennsylvania clearly indicated that it is not the policy of Pennsylvania to prevent or deter a taxpayer from postponing the payment of a tax beyond the due date where such delay is necessary for a bona fide test of a doubtful question as to the validity or applicability of the tax. Keystone Metal Co. v. City of Pittsburgh, supra. Accord, Graybar Electric Co. v. School District of Pittsburgh, 1954, 378 Pa. 294, 106 A.2d 413. Indeed, a state's legitimate concern that taxes be paid promptly must be subordinated to the overriding public policy of dealing fairly with the individual by affording him an opportunity, free of coercion, to challenge and test in the courts any tax of doubtful legality. Oklahoma Operating Co. v. Love, 1920, 252 U.S. 331, 40 S.Ct. 338, 64 L.Ed. 596; Wadley Southern R. Co. v. State of Georgia, 1915, 235 U.S. 651, 35 S.Ct. 214, 59 L.Ed. 405. Thus, it is neither factually correct nor legally permissible to characterize the imposition of the statutory "penalty" in the circumstances of this case as an effort to punish, prevent or deter conduct violative of state policy. The Tax Court's conclusion that allowance of the claimed deduction would frustrate Pennsylvania public policy was unwarranted.

The decision will be reversed.

BIGGS, Chief Judge (dissenting).

The majority opinion turns on the issue of whether the allowance of a federal tax deduction in the amount of the State imposition would frustrate State policy. The majority holds that the Supreme Court of Pennsylvania concluded in Keystone Metal Co. v. City of Pittsburgh, 1953, 374 Pa. 323, 97 A.2d 797, and Graybar Electric Co. v. School District of Pittsburgh, 1954, 378 Pa. 294, 106 A.2d 413, that a delay necessitated by a test of the applicability of the statute demonstrated that it was not the policy of Pennsylvania to penalize a taxpayer for delay in the payment of taxes. I cannot perceive such a demonstration, either express or implied, in the decisions cited. I think the case at bar is ruled, as the Tax Court held, by Tank Truck Rentals, Inc. v. Commissioner, 1958, 356 U.S. 30, 78 S.Ct. 507, 2 L.Ed.2d 562, where the taxpayer could not profitably operate its trucks, and Hoover Motor Express Co. v. United States, 356 U.S. 38, 78 S.Ct. 511, 2 L.Ed.2d 568, rehearing denied 1953, 356 U.S. 934, 78 S.Ct. 770, 2 L.Ed.2d 763, where the tax evasion was clearly inadvertent. There is no real hardship here and the policy of Pennsylvania seems exemplified by the fact, contrary to the conclusion of the majority, that the Supreme Court of Pennsylvania reinstated the penalties

against the petitioner in the instant case after the lower court had relieved it of them.

For these reasons I must respectfully dissent.