**Whitehall Township Treasurer
Ronald REAMAN**

v.

**ALLENTOWN POWER CENTER,
L.P., Appellant.**

Commonwealth Court of Pennsylvania.

Argued March 11, 2013.

Decided Aug. 8, 2013.

Lawrence S. Berger and Joseph J. Sergeant, Morristown, NJ, for appellant.

Lawrence B. Fox and Daniel A. Prestosh, Allentown, for appellee.

BEFORE: LEADBETTER, Judge, and COHN JUBELIRER, Judge, and LEAVITT, Judge.

OPINION BY Judge LEAVITT.

Allentown Power Center, L.P. (Taxpayer) appeals an order of the Court of Common Pleas of Lehigh County (trial court) directing Taxpayer to pay a business privilege tax in the amount of $31,469.38, including penalties and interest for tax years 1995 through 2009. Taxpayer disputes the trial court's interpretation of Whitehall Township's business privilege tax ordinance as applying to commercial rental property or, alternatively, that if it does owe the tax, it does not owe any penalty on the unpaid tax. We affirm.

Taxpayer and the Township stipulated to the relevant facts. Taxpayer is a New Jersey limited partnership and is the record owner of a commercial rental property located at 2409 MacArthur Road, Whitehall Township, Pennsylvania (Property). The Property is a main retail commercial property in Whitehall. During the tax years 1995 through 2009, several different businesses, including Blockbuster Video and Staples, rented space in the Property.

On December 21, 1970, the Township enacted Ordinance 978, which imposed a business privilege tax on the gross receipts of those engaged in business within the Township. WHITEHALL TOWNSHIP, PA., ORDINANCE 978 (Dec. 21, 1970) (ORDINANCE 978, ———). On December 12, 1988, the Township enacted Ordinance 1638, which replaced Ordinance 978 with largely similar language and provisions. WHITEHALL TOWNSHIP, PA., ORDINANCE 1638 (Dec. 12, 1988) (ORDINANCE 1638, ———). One language difference significant to this appeal is that Ordinance 1638 expressly identified rental income as a type of gross receipt subject to the business privilege tax, and Ordinance 978 did not.

On July 2, 2008, the Township notified Taxpayer that it intended to audit its gross receipts for tax years 2005 through 2007. Taxpayer refused to cooperate. Nevertheless, the Township was able to determine that Taxpayer had not filed a business privilege tax return nor paid that tax for the years 1995 through 2009. On November 19, 2008, the Township issued Taxpayer an assessment for unpaid business privi-

lege taxes in the amount of $42,962.61, including penalties, interest and unpaid annual licensing fees, for tax years 1995 through 2008. Taxpayer refused to pay, even under protest. Taxpayer did not appeal the tax assessment to the Whitehall Township Tax Appeals Board.

The Township then filed a tax collection action against Taxpayer seeking the sum of $50,355.14.[1] After formal discovery, the Township revised its tax assessment demand to $31,469.38, which included fees, interest and penalties through 2009.[2]

In his deposition, Ronald Reaman, former Treasurer for the Township, testified that during his term, from January 1998 to January 2010, the Township assessed its business privilege tax upon rental income, and most property owners paid the tax. Diane Hunsicker, the current Treasurer, testified that the business privilege tax forms are kept for seven years before they are destroyed. Neither Reaman nor Hunsicker could explain why the Township's original business privilege tax ordinance had been replaced with Ordinance 1638.

In his deposition, Robert Susko, a certified public accountant who does audits for several townships, testified about his yearly tax audits for the Township. Each year, Susko picks a class of taxpayers to audit, and in 2008, he selected rental properties. Because Taxpayer did not provide him with the necessary records for his audit, he estimated the tax owing. He noted that for as long as he had been performing audits for the Township, the business privilege tax form has always had a column for rental income.

After the completion of discovery, the matter was assigned to arbitration. The arbitration panel unanimously found in favor of the Township. Taxpayer appealed the decision of the arbitration panel to the trial court. The parties stipulated to the facts, and each party filed a motion for summary judgment. The trial court heard oral argument on December 6, 2012. On January 23, 2012, the trial court entered an order granting the Township's motion for summary judgment and denying Taxpayer's cross-motion for summary judgment. The trial court ordered Taxpayer to pay the Township the sum of $31,469.38 for unpaid business privilege taxes and associated fees, interest and penalties for tax years 1995 through 2009.

In reaching this conclusion, the trial court decided that the definition of "business" in Ordinance 978, not Ordinance 1638, was controlling. This was because the Local Tax Reform Act,[3] abolished the

1. The damages sought in the complaint included the tax and penalties on the assessment, as well as a 20% collection fee that included attorney's fees and costs.

2. The assessment of $31,469.38 includes a tax payment of $17,045.11, a five percent penalty in the amount of $852.27, a one percent monthly penalty in the amount of $13,047.01, and unpaid license fees in the amount of $525.00. See Joint Stipulation of Facts, ¶ 31.

3. Act of December 13, 1988, P.L. 1121, 72 P.S. §§ 4750.101–4750.3112. Section 533 of the Local Tax Reform Act states,

(a) General rule.—After November 30, 1988, and notwithstanding any other provision of this act except for subsection (b), no political subdivision may levy, assess or collect or provide for the levying, assessment or collection of a mercantile or business privilege tax on gross receipts or part thereof.

(b) Existing taxes preserved.—Any political subdivision which has on or before November 30, 1988, levied, assessed or collected or provided for the levying, assessment or collection of a mercantile or business privilege tax on gross receipts or part thereof may continue to levy, assess and collect such tax on such subjects upon which the tax was imposed by the political subdivision as of November 30, 1988, at a rate not to exceed the rate imposed by the political subdivision as of November 30, 1988.

72 P.S. § 4750.533.

authority of municipalities to impose a business privilege tax. However, it preserved such taxes if enacted before November 30, 1988. Because Ordinance 1638 was enacted on December 12, 1988, its definition of "business," which expressly included the rental of property, would not be considered. Nevertheless, the trial court concluded that Taxpayer's rental income derived from its property for tax years 1995 through 2009 satisfied the definition of "business" in Ordinance 978. The trial court found that the Township's ordinance had a broad sweep that was intended to tax revenue from any activity undertaken for profit, such as the rental of commercial real property.

In accordance with these conclusions, the trial court held Taxpayer liable for the business privilege tax and penalties. Because Taxpayer did not pay the tax under protest or appeal the tax assessment, the trial court held that the penalties were appropriate. Taxpayer then appealed to this Court.[4]

On appeal, Taxpayer presents two issues for our review. First, Taxpayer argues that Ordinance 978's definition of "business" does not cover the rental of real property. Second, even assuming the business privilege tax did apply to Taxpayer's rental income, Taxpayer argues that it is not liable for interest and penalties on the unpaid tax for tax years 1995 through 2009 because it challenged the tax ordinance in good faith.

■■■ In general, tax statutes are to be strictly construed against the taxing au-

thority. 1 Pa.C.S. § 1928(b)(3).[5] The principles of the Statutory Construction Act, and statutory interpretation generally, are to be followed when construing local ordinances. *Glendon Energy Company v. Borough of Glendon,* 656 A.2d 150, 155 n. 8 (Pa.Cmwlth.1995). Reasonable doubts about the meaning of tax legislation are resolved in favor of the taxpayer. *Northeastern Pennsylvania Imaging Center v. Commonwealth,* 613 Pa. 560, 570, 35 A.3d 752, 758 (2011). At the same time, an ordinance must be construed to give effect to all of its provisions. *Glendon Energy Company,* 656 A.2d at 156. "Strict construction does not require ... that a statute be construed as narrowly as possible, or that it be construed so literally and without common sense that its obvious intent is frustrated." *Peters v. Department of Forests and Waters,* 465 Pa. 372, 377, 350 A.2d 812, 814–15 (1976) (quoting *In re Condemnation by the School District of Pittsburgh,* 430 Pa. 566, 570, 244 A.2d 42, 44 (1968)).

■■■ In its first issue, Taxpayer argues that Ordinance 978 does not tax rental income derived from the lease of commercial property. The ordinance limits the business privilege tax to receipts from "sales made and/or services rendered." ORDINANCE 978, § III(d). Rental income is not derived from either a sale or a service, and this creates a reasonable doubt about Ordinance 978, requiring that it be construed in favor of Taxpayer.

We begin with the relevant language of Ordinance 978, which was enacted in 1970.[6]

4. The issues presented involve a question of law. The standard of review for a question of law is *de novo;* the scope of review is plenary. *Southeastern Pennsylvania Transportation Authority v. Board of Revision of Taxes,* 574 Pa. 707, 712, 833 A.2d 710, 712 (2003).

5. Section 1928(b)(3) states: "All provisions of a statute of the classes hereafter enumerated

shall be strictly construed: ... Provisions imposing taxes." 1 Pa.C.S. § 1928(b)(3).

6. In 1965, the legislature enacted the Local Tax Enabling Act authorizing local political subdivisions to, *inter alia,* adopt local tax ordinances. Act of December 31, 1965, P.L. 1257, *as amended,* 53 P.S. §§ 6901–6924.901.

Ordinance 978 imposed a business privilege tax on the "whole or gross volume of business transacted within the territorial limits of the Township." ORDINANCE 978, § III(a). Section II(a) of Ordinance 978 defined "business" as

> *any activity carried on or exercise[d] for gain or profits in the Township of Whitehall,* including, but not limited to, the sale of merchandise or other tangible personalty or the performance of services.

ORDINANCE 978, § II(a) (emphasis added). Section III(c) of Ordinance 978 also provides for exemptions from the privilege tax including an exemption from tax on rental income from owner-occupied private dwellings. It states:

> *Incidental Use of Residential Property.* No such tax or fee shall be assessed and collected on rental received by an owner from a building originally erected as a private dwelling house and occupied as a residence by such owner during the tax year.

ORDINANCE 978, § III(c)(6). The final relevant provision is Section III(d), which guides the calculation of gross receipts. Specifically, it provides:

> *Determination of Gross or Whole Volume of Business.* Gross or whole volume of business upon which the tax hereunder is computed *shall include the gross consideration credited or received for or on account of sales made and/or services rendered,* subject only to the

following allowable deductions and exemptions:

(1) The dollar volume of business transacted by wholesale and retail dealers derived from the resale of goods, wares, and merchandise taken by any dealer as trade-in or as part payment for other good, wares, and merchandise, except to the extent that the resale price exceeds the trade-in allowance.

(2) Refunds, credits, or allowances given by a taxpayer to a purchaser on account of defects in goods, wares or merchandise sold, or in account of goods, wares or merchandise returned.

(3) Any commissions paid by a broker to another broker on account of a purchase or sales contract initiated, executed or cleared with such other broker.

(4) Bad debts, where the deduction is also taken in the same year for Federal Income Taxation purposes.

(5) Taxes collected as agent for the United States of America, Commonwealth of Pennsylvania or the Township of Whitehall.

ORDINANCE 978, § III(d) (emphasis added).

To support its argument that Ordinance 978 did not tax rental income, Taxpayer offers several arguments. It emphasizes that "rental of property" does not appear in Ordinance 978. This is significant because the ordinance gives examples of taxable activities, such as "sale of merchan-

---

Section 301.1(a) of the Local Tax Enabling Act states, in relevant part:

> The duly constituted authorities of the following political subdivisions, cities of the second class, cities of the second class A, cities of the third class, boroughs, towns, townships of the first class, townships of the second class, school districts of the second class, school districts of the third class, and school districts of the fourth class ... may, in their discretion, by ordinance or resolution, for general revenue purposes, levy, assess and collect or provide for the levying, assessment and collection of such taxes as they shall determine on persons, transactions, occupations, privileges, subjects and personal property within the limits of such political subdivisions....

53 P.S. § 6924.301.1(a).

dise or other tangible personalty or the performance of services." ORDINANCE 978, § II(a). The rental of property bears no resemblance to this list and under the principle of *ejusdem generis* must be understood to be excluded. *Tech One Associates v. Board of Property Assessment, Appeals and Review of Allegheny County*, —— Pa. ——, ——, 53 A.3d 685, 697 (2012) (holding that when a general word follows a list of specific items, the general word must be construed to be similar to the specific words).[7] Section III(d), which addresses how to calculate the business privilege tax, provides no instructions on how to handle rental income. Finally, the new definition of "business" in Ordinance 1638, which includes "rental of property," demonstrates that Ordinance 978 did not include the rental of real property. When an ordinance is amended, it is presumed that the new ordinance was intended to do something new, taken as a whole. Ordinance 978 did not tax rental income, and it is not relevant that the Township succeeded in extracting a business privilege tax from other commercial property owners.

The Township responds that the definition of "business" in Ordinance 978 was intended to tax "any activity ... for gain or profit ... including, *but not limited to*," sales and services. ORDINANCE 978, § II(a) (emphasis added). Ordinance 978 expressed an intent to tax the collection of rental income, as activity done for profit. The Township also notes that Section III(c)(6) of Ordinance 978 exempts rental income derived from the incidental use of residential property, but not from commercial leases. This exception would have no meaning if rental income were not generally taxable. Ordinance 1638 did not expand the scope of the Township's business privilege tax because such expansion was prohibited as of November 30, 1988. Ordinance 1638 merely clarified the prior ordinance by adding another illustrative example; it did not change the underlying principle, *i.e.*, to tax any activity undertaken for profit.[8] The Township argues that the Taxpayer's reading of Section III(d), which merely specifies how to calculate a taxpayer's volume of business, is skewed. It ignores the definition of "business," which includes the performance of services such as the services provided by a landlord. Further, Ordinance 1638 retained the tax exemption for rent received for the incidental use of residential property. OR-DINANCE 1638, § 108(g).

We agree with the trial court that Ordinance 978 imposed a business privilege tax upon rental income. Providing leasehold space to others is "the performance of services." ORDINANCE 978, § II(a). Taxpayer's argument fails to consider that introductory phrase states "including, *but not limited to.*" As our Supreme Court recently explained:

[I]f we were to construe the words of such statutes in their narrowest terms, without regard to an assessment of the legislature's intent, *we would render the "including, but not limited to" language of such statutes meaningless, re-*

---

**7.** The statutory construction principle of *ejusdem generis* has been codified by Section 1903(b) of the Statutory Construction Act, which provides: "General words shall be construed to take their meanings and be restricted by preceding particular words." 1 Pa.C.S. § 1903(b).

**8.** Ordinance 1638 defined "business" as follows:

any activity carried on or exercised for gain or profit in the Township of Whitehall, including, but not limited to, the sale of merchandise or other tangible personalty, the performance of services, *and the rental of property.*

Ordinance 1638, § 102(a) (emphasis added).

*sulting in an automatic judgment in favor of the taxpayer* any time a taxpayer challenged the tax on an item that is not specifically identified in the statute. Accordingly, while "any doubt or uncertainty as to the imposition of [a] tax must be resolved in favor of the taxpayer," such doubt is only implicated after our efforts at statutory interpretation yield no definitive conclusion. *Dechert LLP v. Commonwealth,* 606 Pa. 334, 348 n. 8, 998 A.2d 575, 584 n. 8 (2010) (emphasis added). The overriding principle stated in Section II(a) is to establish a tax on "activities for gain or profit." Leasing commercial real property is such an activity.

This conclusion is consistent with our duty to give meaning to all sections of an ordinance. The exemption of rental income from owner-occupied real property in Section III(c)(6) would have no meaning if rental income was not subject to the business privilege tax.

Taxpayer's argument about Section III(a) is likewise unavailing. That section states that gross or whole volume of business "shall include the gross consideration credited or received for or on account of sales made and/or services rendered," subject to five enumerated deductions and exemptions. ORDINANCE 978, § III(d). "Services rendered" includes providing another with a leasehold interest.

Finally, Taxpayer assigns too much significance to Ordinance 1638, which added "rental of property" as an example of a taxable business. "Rental of property" could cover the rental of both personalty, such as furniture or cars, as well as realty. It matters not because the scope and meaning of Ordinance 1638 is not before us. It does not follow, given the prior practice of the Township to collect the tax on rental income, that Ordinance 1638 effected a change in the underlying principle to tax "any activity" done for profit.

In its second issue, Taxpayer argues that it should not be liable for penalties and interest because it has raised a good faith and meritorious defense to the validity of the taxing ordinance. Relying on this Court's decision in *Principal Life Insurance Company v. City of Philadelphia Tax Review Board,* 838 A.2d 854 (Pa. Cmwlth.2003), Taxpayer contends that penalties should be abated when a taxpayer presents a meritorious legal position arguing against application of a tax. The Township is seeking 13 years' worth of back taxes. During this time period, Taxpayer conspicuously rented the property and never heard from the Township. Paying under protest was not an option due to the large size of the tax bill.[9]

The Township responds that the Taxpayer did not act in good faith. It refused to cooperate with the Township in its audit; there was no payment under protest; and it did not appeal the assessment.

In *Principal Life Insurance,* this Court abated the tax penalties and interests against Principal Life Insurance because it had advanced a meritorious legal position. This Court's decision was based on two considerations. First, Section 1705(2) of the Philadelphia Code provided for abatement of interest and penalties where the taxpayer acted in good faith and without negligence or intent to defraud. THE PHILADELPHIA CODE § 19–1705(2). Second, the

---

9. Taxpayer also asserts in its brief that it filed an appeal with the Whitehall Township Board of Tax Appeals, but that both parties agreed to proceed with the then-already pending trial court case instead. The Township denies that any appeal was filed with the Whitehall Township Board of Tax Appeals. This fact was not stipulated to in the record, and in any case, it does not alter our analysis.

record in that case did not separate the penalties and the interest that was owed, making it impossible to assess only interest. However, in *Samuel Rappaport, L.P. v. Tax Review Board of the City of Philadelphia*, 682 A.2d 862 (Pa.Cmwlth.1996), this Court, after finding taxpayer raised a meritorious legal position, ordered that only the penalties be abated and affirmed the imposition of interest. In *Samuel Rappaport*, the record distinguished between the interest and penalties assessed. In both cases, *Principal Life Insurance* and *Samuel Rappaport*, the taxpayer was found to have owed the taxes assessed.

■ In *Graybar Electric Company v. School District of Pittsburgh*, 378 Pa. 294, 106 A.2d 413 (1954), our Supreme Court refused to abate penalties and interest imposed under authority of the School Mercantile Act of 1947.[10] The Supreme Court held that "[i]f the imposition of interest and penalties upon a taxpayer who makes an honest mistake are inequitable and too severe, without being confiscatory ... the remedy lies with the legislature or with city councils and not with the Courts." *Id.* at 298, 106 A.2d at 415 (quoting *Goldstein v. Pittsburgh School District*, 372 Pa. 188, 199–200, 93 A.2d 243, 248 (1953)). Thus, if a taxing ordinance requires penalties and interest upon failure to pay, without providing an explicit abatement provision, even a meritorious legal position does not empower the courts to abate interest and penalties. *See Nine Penn Center Associates v. Tax Review Board of City of Philadelphia*, 692 A.2d 246, 250 (Pa.Cmwlth. 1997) (judicial power to abate penalties and interest depends upon whether abatement is provided for in the applicable taxing ordinance).

■ Ordinance 1638 imposes a five percent penalty plus an additional one percent per month penalty for late payment of the business privilege tax. ORDINANCE 1638, § 106. It also imposes an annual business privilege licensing fee of $35. ORDINANCE 1638, § 107. It does not provide for any abatement of the penalty or interest. Therefore, it is not relevant that the Taxpayer may have proceeded in good faith or presented a meritorious legal position. This Court lacks power to abate the interest or penalties when it is not provided for in the taxing ordinance. *Graybar*, 378 Pa. at 298, 106 A.2d at 415. In short, there was no error in the trial court's decision that Taxpayer is liable for the penalties and interests and the unpaid licensing fee.

For these reasons, we affirm the trial court.

### ORDER

AND NOW, this 8th day of August, 2013, the order of the Court of Common Pleas of Lehigh County dated January 23, 2012, in the above-captioned matter is hereby AFFIRMED.

---

**10.** Act of June 20, 1947, P.L. 745, *as amended*, 24 P.S. § 582.1–582.13.