Moon Schools Union School District *v.* Tiglio,
Appellant.

68

Argued November 19, 1956. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, and CARR, JJ. (RHODES, P. J., and ERVIN, J., absent).

*Alan D. Riester,* with him *Harry V. Bair,* and *Brandt, Riester, Brandt & Malone,* for appellant.

*Robert Van der Voort,* with him *John F. Healy,* and *Van der Voort, Royston, Robb & Leonard,* for appellee.

OPINION BY WOODSIDE, J., December 28, 1956:

A third class school district comprising the townships of Moon and Crescent in Allegheny County is here seeking through an action in assumpsit to collect a tax imposed by the school district "upon the admission fee or upon the privilege of attending or participating in amusements" conducted within the townships.

The defendant is an individual engaged in business at the Terminal Building, Greater Pittsburgh Airport, Moon Township, as the proprietor of an amusement arcade. As part of the arcade, the defendant operates a large number of coin operated amusement devices such as pinball machines, shuffleboard alleys and photographic machines, all of which are played by patrons of the arcade through the insertion of coins.

The Act of June 25, 1947, P. L. 1145, as amended, 53 PS §2015.1 oftentimes referred to as the "Tax Anything Act," authorized certain political subdivisions, among them school districts of the third class, to levy and collect taxes on persons, transactions, occupations,

privileges, subjects and personal property within their limits, providing that the object taxed was not then, nor thereafter became subject to a state tax.

Pursuant to this enabling act the school district passed a resolution imposing a tax upon the admission fee, or upon the privilege of attending or participating in amusements, at the rate of 1¢ upon each 10¢ of admissions or fraction thereof, charged to the persons paying the admission.

The word "amusement" was defined by the resolution to cover all manner and form of entertainment including among others, "in arcades and in or upon coin operated machines or devices located therein, . . ."

The word "proprietor" was defined as "Any person owning, operating, managing or conducting an amusement."

The resolution further provided that a registration certificate be obtained by the proprietor, and that the proprietor "shall collect the tax imposed by this Resolution from the person paying the admission and shall be liable to Moon Schools Union School District as agents thereof for the payment of the same to the School District . . ." It likewise provided that the proprietor should deduct 2% of the amount of tax due as compensation from the school district for his services in computing, reporting or returning and paying the tax. There was also a provision that any proprietor neglecting or refusing to comply with the terms within thirty days of the date the report or return and tax were due, would be liable to the tax collector for an additional 10% of the amount of the tax. Taxes unpaid thirty days after the due date were to bear interest at the rate of ½% per month until paid.

The resolution became effective June 14, 1954. Although the appellant registered as required, he has re-

fused to file the returns or collect and pay over the tax imposed by the resolution.

On December 15, 1954 a deficiency assessment was made against the defendant pursuant to the terms of the resolution, and notice of the same was sent to him. When the defendant persisted in his refusal this action in assumpsit was commenced to collect the amount of the deficiency assessed.

The lower court, after dismissing the defendant's preliminary objections and after holding a hearing on the merits without a jury, entered judgment in the sum of $1278.27. This judgment was calculated by taking 10% of the defendant's gross receipts for the period from June 14 to November 30, 1954, and adding thereto the 10% penalty. From the entry of this judgment defendant has appealed.

The tax is upon the privilege of participating in amusements. "Amusements" are defined in the resolution to include coin operated machines or devices. The resolution clearly contemplates a tax upon the playing of coin operated machines. The tax was imposed not upon the place of amusement, but upon the privilege of engaging in the amusement as defined. Such an imposition has been held by the Supreme Court to have been authorized under the aforesaid enabling act. *Fierro v. Williamsport,* 384 Pa. 568, 120 A. 2d 889 (1956).

It is of no consequence that the secretary of the school board in a letter to the appellant, and the president in his testimony referred to the resolution as a gross receipts tax; it is the resolution itself which determines the nature of the tax. Neither is it of any relevance that the tax is difficult or uneconomical for a proprietor to collect; nor is it material that the school district officials devised no method of collecting the

tax from a patron inserting a coin in a coin-operated machine. We mention these matters, all of which we think are irrelevant, only because much of the testimony as well as much of the appellant's brief were given to a consideration of them.

Section 6(a) of the resolution provides: "If any proprietor subject to the provisions of this Resolution shall fail to file a report or return at the time required herein . . . the Tax Collector shall make an assessment of the tax . . . for the amount of the tax that should have been paid by such proprietor based upon all the information before the Tax Collector."

The proprietor failed to file the report or return required by the resolution, and the tax collector thereupon had authority to compute the amount which should have been collected. He did so by taking 10% of the gross receipts of the defendant's coin machine business.

The appellant contends that the taxing authorities have thus imposed upon him, the proprietor, a gross receipts tax, while the resolution imposes upon the person paying the admission an amusement tax. The resolution does not impose a gross receipts tax, and no such tax can be collected from the proprietor under it. This does not mean, however, that gross receipts cannot, under any circumstances be used as the basis for determining the amount of tax which the proprietor should have collected from the persons paying the admissions. The amount of tax which the proprietor should have collected from his patrons, and paid over to the tax collector of the school district, would under certain circumstances equal 10% of his gross receipts. For example, if all of the machines from which the proprietor obtained receipts required 10¢ or a multiple thereof for each play, the tax which the proprietor

should have collected from his patrons, and 10% of his gross receipts would be the same figure. If such were the case we would affirm the judgment entered in the court below. However, the evidence shows that the "admissions" collected through the machines were not all 10¢ but some were 5¢, and others 25¢, and for the reasons hereinafter set forth, we think the entry of the judgment in the amount of 10% of the gross receipts (plus penalties) in this case was error.

Section 1, paragraph E, of the "Tax Anything Act" 53 PS §2015.1 provides, inter alia, as follows: "No taxes levied under the provisions of this act shall be levied by any political subdivision on the following subjects exceeding the rates specified in this subsection: . . . (f) On admissions to places of amusement, athletic events and the like, 10%."

It is clear therefore that the school district has no authority under the enabling act to impose a tax in excess of 10%. The resolution provides that the tax shall be calculated "at the rate of one cent ($.01) upon each ten cents ($.10) of admissions *or fraction thereof.*" (emphasis added) The resolution does, therefore, impose a tax which exceeds the taxable limit of 10% fixed by the enabling act.

The solicitor for the school district has called to our attention the case of *Wilkinsburg Borough v. Wilkinsburg Borough School District,* 365 Pa. 254, 256, 74 A. 2d 138 (1950), wherein the Chief Justice said of an ordinance imposing a tax on amusements at the rate of ten cents or fraction thereof, "There is no question as to the legality, under the authority granted by the Act of 1947, of the tax imposed by the borough on the privilege of attending any amusement . . ."

The question of the imposition of a tax in excess of the statutory limit of 10% was not involved in that

case, nor was it discussed. It is a matter of mathematical certainty which is not subject to question that an ordinance or resolution which imposes a tax at the rate of one cent upon each ten cents of admissions *or fraction thereof* imposes a tax which exceeds a rate of 10% when applied to a "fraction" of ten cents. We are confident that the Supreme Court in stating that the Wilkinsburg ordinance was legal, was not considering that part of the ordinance which exceeded the taxable limit set in the act.

As the right to impose a tax on admissions in excess of 10% is expressly denied the school district by the enabling act, we must declare null and void that part of the resolution which attempts to collect from the person paying an admission, a tax which exceeds one cent on every ten cents of admission.

This, of course, does not render null and void the entire resolution. Section 3 of the enabling act provides, inter alia: "The court may declare invalid . . . any portion of the ordinance or of the tax imposed or may reduce the rates of tax." 53 PS §2015.3. The resolution contains a severability clause.

The tax at the rate of 10% imposed by the resolution upon those paying admissions is a legal and proper tax and will be sustained, but the provision of the ordinance attempting to impose the tax upon a fraction of a 10¢ admission must be declared in conflict with the enabling act, and, therefore, null and void.

If an effort is made to collect one cent, as the resolution provides, from a player who pays a 5¢ admission charge there will be imposed upon that person a tax of 20%, which is beyond the power of the school district to impose. Neither can a tax of 3¢ be collected from a person paying a 25¢ admission. The most that the school district has authority under the act to col-

lect, for a single admission of 25¢ is 2¢. As the tax is imposed upon the person paying the admission, and there is no way for him to pay a fraction of a cent tax, a tax collected on an admission of less than 10¢ would be in excess of the limit imposed by the enabling act.

Contemplating that there may be cases where, under this or similar ordinances or resolutions, proprietors have collected tax from patrons on fractions of 10¢ admissions, we might note that such collections would have been made by the proprietor as agent for the school district, and although the tax was unlawfully levied, the proprietor would have no right to retain any such sums collected by him from his patrons, but would be required under the law to deliver such sums to the tax collector of the school district.

Under the evidence of this case it is clear that an effort has been made by the school district, through its tax collector, to collect from the appellant a sum in excess of the amount which the proprietor had a legal right to collect from the person upon whom the tax was imposed because the rate would have exceeded 10%.

However, for every ten cents admission charge there would be one cent which the appellant should have collected from the player, and for every 25¢ admission there would be a 2¢ tax which the appellant should have collected from the player. For the collection and paying over of such tax the appellant is liable. Because he failed to file a report as required by the resolution, the tax collector had authority to make an assessment of the tax for the amount that should have been collected by such proprietor, based upon such information as was available to the tax collector. The tax collector's error in the assessment can be corrected by the court below. If the appellant did not keep prop-

er records from which the exact amount of tax due can be ascertained by the court, he cannot be permitted to benefit by his negligence, or his wilful effort to avoid the tax. The amount collected from him, however, must be fairly determined on the basis of such information as is available. In order to determine the amount which the appellant should have collected from his patrons as tax, and the penalty and interest thereon, we are remanding the case to the court below for further proceedings consistent with this opinion.

Judgment opened and case remanded.