Clyde E. Speer Coal Corporation, Appellant, *v.*
Pittsburgh School District.

Argued October 6, 1958. Before JONES, C. J., BELL,
MUSMANNO, JONES and COHEN, JJ.

*James F. Callahan,* for appellant.

*Regis C. Nairn,* Assistant City Solicitor, with him *J. Frank McKenna, Jr.,* City Solicitor, for City of Pittsburgh, appellee.

*Niles Anderson,* for School District of Pittsburgh, appellee.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, November 25, 1958:

This is an appeal from the action of the court below affirming the assessment of penalties against the appellant-taxpayer on unpaid mercantile license taxes determined to be due to the City and the School District of Pittsburgh.[1]

In 1948, after hearing, the Treasurer of the City of Pittsburgh classified the Clyde E. Speer Coal Company—*an unincorporated business, wholly owned and operated individually* by Clyde E. Speer—as a "wholesale dealer" for mercantile tax purposes. In 1953, after an audit of the books and records of the company, this classification was re-affirmed. In 1954, the business was incorporated as the Clyde E. Speer Coal Corporation, with all of the stock being owned by Clyde E. Speer. *The operation of the company was carried on in the identical manner as it had been prior to incorporation.* The corporation continued to return and pay the mercantile tax as a "wholesale dealer" until February of 1958. At that time, after an audit of the corporation's books and records, appellant was notified that it was classified as a "retail dealer". As a consequence of this classification, additional taxes

---

[1] These taxes were imposed under an ordinance and resolution enacted pursuant to the Enabling Acts of June 25, 1947, P. L. 1145, 53 PS §6851 and June 20, 1947, P. L. 745, as amended, 24 PS §582.1.

together with interest and penalties[2] were assessed against the corporation for the years 1954, 1955, 1956 and 1957. Appellant does not object to its present classification as a "retail dealer", nor to the payment of the additional taxes and interest, but does contest the imposition of penalties[3] for the years in question.

Appellant's basic contention is that penalties should not be imposed where a taxpayer in good faith relies on a previous determination of its taxable status by the taxing authority. Appellee, however, argues that the business as conducted by Speer individually and by the corporation subsequently formed were two distinct legal entities, and for the purpose of determining their taxable status must be treated separately, despite the fact that the manner of operating the business was not altered by the act of incorporation.

In *Brown & Zortman Machinery Company v. Pittsburgh,* 375 Pa. 250, 100 A. 2d 98, where the taxing authority successively classified the taxpayer as a broker, a wholesale dealer and a retail dealer, we held that under the circumstances the imposition of penalties under the same statute presently involved would be inequitable. In *Graybar Electric Co. v. Pittsburgh School District,* 378 Pa. 294, 106 A. 2d 413, in commenting upon our decision in the *Brown* case we stated: "In Brown & Zortman Machinery Company v. Pittsburgh, 375 Pa. 250, 100 A. 2d 98, the taxpayer had not failed to pay the correct amount of tax. The claim for additional taxes arose because of the taxing authority's correction of its own erroneous classification of the taxpayer's amenable status. The taxing authority first advised the taxpayer that it was tax-

---

[2] The provisions upon which both the City and the School District base their claim for penalties are identical. See: *Goldstein v. Pittsburgh School District*, 372 Pa. 188, 93 A. 2d 243.

[3] The penalties in question amount to $9,132.50.

able as a broker, then as a wholesale vendor and, finally, as a retail vendor. Even so, the taxpayer was properly required to pay interest on the additional tax claim. But, in the circumstances there appearing, we held that it would be grossly inequitable to exact payment of penalties when the deficiency resulted from the taxpayer's reliance on its business status as determined by the taxing authority. Penalty connotes punishment for fault, neglect or wrong, but the fault in the Brown & Zortman case was not the taxpayer's."

In the present case, appellant was advised on two successive occasions by the taxing authority that its proper classification was that of a "wholesale dealer". *The subsequent incorporation of the business had absolutely no effect upon the manner in which the business was conducted.* The factors that determined the classification in which appellant was to be placed remained exactly the same after incorporation as they had been prior to it. To hold under these circumstances that the taxpayer has no right to rely upon his previous classification as an individual, would, in our opinion, be carrying a legal fiction to its extremity. Although we recognize the technical validity of the City's argument, we believe, as a practical matter, that the error in classification, was, as in the *Brown* case, that of appellees and not of the taxpayer's, and that the imposition of penalties under these circumstances is unjustified.

Judgment reversed.