## Bensalem Township School District *v.* Rose Bowl, Inc., Appellant.

266

Argued March 18, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*David Goldberg,* with him *Verlin & Goldberg,* for appellant.

*George T. Kelton,* Solicitor, with him *Begley, Carlin, Mandio, Kelton and Popkin,* for appellee.

OPINION BY ERVIN, P. J., April 15, 1965:

This is an action of assumpsit by the plaintiff school district to recover amusement taxes for the year 1960-61. The resolution of the school board, adopted June 13, 1960, under the provisions of the act approved June 25, 1947, P. L. 1145, and its amendments, 53 PS §6851 et seq., imposed a tax upon "the admission fee or privilege to attend or engage in any amusement" and was to be paid "by the person acquiring such privilege, said tax being at the rate of one cent (1¢) for each ten cents (10¢) of such established price."

Defendant operates a thirty-two lane bowling alley within the school district. The case was tried before Judge BIESTER, without a jury, upon complaint and

answer. Defendant attacked the resolution on several constitutional and statutory grounds. The court made findings of fact and conclusions of law and found for the plaintiff against defendant for the taxes payable. Since the Bensalem Township supervisors had enacted a similar tax, plaintiff recovered only five per cent of the amounts paid by patrons to defendant. Exceptions were argued before the court in banc, which made three additional findings of fact and entered judgment for the school district.

The resolution imposing a ten per cent amusement tax defines "bowling" as an "amusement" and the person conducting the amusement as a "producer." It further requires producers to collect the tax and holds them liable as agents of the school district to pay the same to the tax collector.

First, appellant contends the amusement tax here sought to be imposed is invalid because it is in reality a tax on property, or the use of bowling equipment, of a Pennsylvania corporation which is already subject to State tax and is therefore prohibited by the enabling act. The enabling act, supra, forbids "(3) . . . a tax on the privilege of employing such tangible property as is now or does hereafter become subject to a State tax; . . .". In *Plymouth Lanes, Inc. v. Plymouth Twp.*, 415 Pa. 206, 210, 202 A. 2d 811, the Supreme Court specifically answered this question against this appellant, stating, page 210: "In the present case a tax of ten percent (10%) of the charge made for engaging in bowling is imposed upon the person performing the activity and is to be collected by the person imposing the charge. On the other hand, bowling alley equipment, when acquired by the proprietor of the alley, is subject to the State's sales and use tax; and, here the proprietor . . . pays a State capital stock tax. Obviously, the stated burden of the tax in each instance is on different taxpayers: in one, on the bowler; in the

other, on the operator. More important, however, for purposes of the present limitation the local tax is on the privilege of engaging in the amusement; the fact that this particular amusement happens to involve the use of certain property subject to a State tax is coincidental to the incidence of the local tax. The latter cannot be considered as a tax on the privilege of using bowling equipment; therefore, it does not violate the limitation contained in the Act of 1947, supra."

The appellant in effect asks us to reverse *Plymouth Lanes*. This the legislature, when it gave birth to our Court, forbade: §10 of the Act of June 24, 1895, P. L. 212, 17 PS §198.

The fact that the appellant is subject to the capital stock tax does not prevent the imposition of the amusement tax: *Moon Schools Union School Dist. v. Tiglio*, 183 Pa. Superior Ct. 67, 69, 128 A. 2d 150. The tax is on the privilege of engaging in the amusement, and not on property: *Fierro v. Williamsport*, 384 Pa. 568, 120 A. 2d 889.

Appellant alleges the resolution of 1960-61 imposing the tax was defective and void in that the publication and procedure, as prescribed by the enabling act, 53 PS §6852, were not followed. Section 2 of the enabling act provides that publication of notice of intention to pass such ordinance or resolution shall be given once a week for three successive weeks, in a newspaper of general circulation, in the case of an original resolution, and a notice published within ten days after the re-enactment of a resolution without substantial change.

The record shows that on June 17, 1960 the following notice was published in The Bristol Daily Courier and the Levittown Times, daily newspapers of general circulation, printed and published and having its place of business at Bristol, Bucks County, Pa.: "NOTICE IS HEREBY GIVEN that the Board of School Directors of

the School District of the Township of Bensalem has, under the provisions of the Act of June 25, 1947, as amended, P. L. 1145, re-enacted without substantial change and at the same rates for the fiscal year commencing the first Monday in July, 1960, the resolutions of the preceding fiscal year which imposed taxes at the following rates and on the following subjects: . . .

"3. Upon the privilege of attending amusements, ten percent.

. . .

BENSALEM TOWNSHIP SCHOOL DISTRICT
By Norman C. Gaugler
Secretary"

The record further shows that the resolution referred to in the above notice was passed by the board on June 13, 1960. The record also shows that the original tax resolution was adopted by the board on May 10, 1950 and that a notice of intention to adopt the original resolution was advertised in the Delaware Valley Advance and the Morrisville Herald, being newspapers of general circulation in the community, on April 20, 27 and May 4, 1950. The advertisement was in accordance with the act. See *Eck v. Williamsport School District*, 197 Pa. Superior Ct. 591, 594, 180 A. 2d 79.

It is the position of the appellant that it was incumbent upon the appellee to establish that all of the intervening re-enactments were in accordance with the enabling act. There is a presumption in favor of the correctness and regularity of all of these official acts: *Tremont Township School District Appeal*, 366 Pa. 404, 409, 77 A. 2d 403. Records and documents for the years 1950-60 were introduced in evidence and supported the finding of the court below that such resolutions imposing an amusement tax were passed and were in substantial compliance with the enabling act of

1947, supra. It would place an insuperable burden on the appellee to comply with appellant's demand and we do not believe it was necessary. It was only necessary to show the passage of the resolution for the original year (1950) and the resolution for the tax year in question (1960-61), together with the proper advertisements as provided for in the enabling act, supra. This was done.

The only taxes involved in this present appeal are those which were levied under the 1960-61 resolution and such taxes were valid if it appeared that the 1960-61 resolution was a substantial re-enactment of the resolution for the preceding year. The court below found that it was and its finding is supported by evidence.

The record further shows that the secretary of the appellee, by letter to the Bureau of Municipal Affairs of the Commonwealth of Pennsylvania, certified that the 1960-61 tax was a re-enactment without substantial change of the previous year's tax.

Appellant further argues the invalidity of the tax resolution of June 13, 1960 which purported to go into effect the first Monday of July 1960, or less than 30 days following its adoption. The appeal section of the enabling act of 1947, as amended in 1949, 53 PS §6853, provided: "No tax levied by any political subdivision to which this act applies shall in any event go into effect until thirty days from the time of the adoption of the ordinance or resolution levying the tax." By a 1961 amendment, Act of September 25, 1961, P. L. 1643, §2, the thirty-day provision applies only to taxes levied "for the first time." While this amendment was not in effect here, it shows a legislative policy where the tax is a re-enactment. In any event, however, the tax here did not become effective as to this defendant until July 22, 1960, or more than thirty days after enactment of the resolution, on which date

defendant commenced operation of its bowling alleys.

Next, appellant argues that the part of the tax resolution which exempts children under 12 years and certain charitable and eleemosynary institutions, violates the uniformity provisions of the Pennsylvania Constitution. In *Millcreek Twp. Sch. Dist. v. Star Theatre,* 172 Pa. Superior Ct. 291, 94 A. 2d 53, involving an exemption clause in an amusement tax resolution practically identical with that here questioned, we held that even if the exemption clause would otherwise render the ordinance unconstitutional, the severability clause would strike down the exemption provision and make the nontaxables part of the taxable class, and render the ordinance valid. See *Turco Paint & Varnish Co. v. Kalodner,* 320 Pa. 421, 184 A. 37.

Appellant charges from three to five cents per bowling frame. From this it argues that no tax can be levied on a charge of less than ten cents, citing *Moon Schools Union School District v. Tiglio,* supra. Here the court below found that the established practice is to charge for all frames bowled at the conclusion of the bowling, and not after each frame is bowled. If we take a realistic view of the matter, clearly the tax cannot be avoided under the theory that the charges are less than ten cents per unit.

Appellant alleges the tax here was not adopted in April or May or June as set forth in the School Code, Act of March 10, 1949, P. L. 30, art. VI, §672, 24 P.S. §6-672, as amended. The record shows publication of the budget notice May 16, 1960 and adoption of the resolution on June 13, 1960. The publication was in time even if we assume the direction in the School Code is mandatory and not merely directory.

Finally, appellant argues that the tax here sought to be imposed is prohibited under the Pennsylvania Constitution, art. IX, §3, which provides: "The power to tax corporations and corporate property shall

not be surrendered or suspended by any contract or grant to which the State shall be a party." This contention overlooks the fact the tax is imposed not upon the corporation, but upon the persons who avail themselves of the privilege of this amusement: *Plymouth Lanes, Inc. v. Plymouth Township,* supra.

Judgment affirmed.