### Pocono International Raceway v. Township of Tunkhannock

*Bensinger & Pentz,* for petitioner.

*Mervine, Brown, Newman & Santucci,* for respondent township.

MARSH, J., February 27, 1973.—This matter is before the court on preliminary objections filed to a petition to reduce the budget and tax rate for Tunkhannock Township, Monroe County, Pa. The petition is brought by Pocono International Raceway, Inc., hereinafter referred to as "Raceway." Tunkhannock Township is hereinafter referred to as "Township."

In Paragraph 4 of the petition it is stated that the action is brought pursuant to Act of July 10, 1947, P. L. 1481, sec. 11, as amended, 53 PS §65908, and sets forth in the said paragraph that the act provides for the court of common pleas, on appeal, to reduce the budget and tax rate upon petition by taxpayers whose total property valuation is assessed for taxable purpose 25 percent or more of the total assessed valuation of the township.

In Paragraph 5, Raceway alleges that Raceway and its customers account for more than 25 percent of the total tax revenues received by the township. Petitioner at no place states that they are a taxpayer whose property valuation as assessed for taxable purposes amounts to 25 percent or over of the total valuation as assessed for taxable purposes. The petition does state in Paragraph 5 that plaintiff and its customers account for more than 25 percent of the total tax revenues of the said township; Paragraph 6 states that in 1972 plaintiff paid to defendant over $106,000. The petition of Raceway seeks to make a conglomerate of words of two separate acts of the Legislature. The statute, by authority of which the tax on admissions is based, is the Act of December 31, 1965, P. L. 1257, as amended in 1967 and 1971. This act does not provide for a tax on land assessed valuation, but is a tax on the transaction allowing entrance to an amusement: Bensalem

Township School District v. Rose Bowl, Inc., 205 Pa. Superior Ct. 265 (1965). See also Borough of Wilkinsburg v. Wilkinsburg Borough School District, 365 Pa. 254 (1950), referring to a prior act: Blauner's, Inc. et al. v. Philadelphia et al., 330 Pa. 342 (1938).

Therefore, the respective Acts of Assembly provide for appeal by one of two classes of people: (a) Those owning land assessed for taxable purposes equal to at least 25 percent of the total assessed valuation, and (b) Twenty-five taxpayers of the group upon whom the tax is assessed.

Raceway does not allege in its complaint that it is the owner of land having a valuation for assessment purposes equal to or in excess of 25 percent of the total valuation for assessment purposes. Therefore, they do not have standing to appeal under the act which they specifically allege as their basis. Even though the court may construe the pleading as pleading law and unnecessary to the pleading and turn to the act under which the admissions tax was enacted, Raceway must fail there. They allege that they have paid $106,000, but the court will construe the language as being improperly used in that what they meant was they have paid over to the township in excess of $106,000 which they have *collected* from the true taxpayers and paid it to the township. To construe a tax collector as a taxpayer would be to enable any tax collector in office to qualify as an owner of 25 percent or better of the land valuation as assessed for tax purposes. Such construction could not be allowed. The amusement tax is appealable by 25 persons or more who have paid the tax. The vague allegations of the ordinance being unconstitutional cannot be argued, defended or ruled upon because of the vagueness and lack of specifics. Cf. Blauner's, Inc. et al. v. Philadelphia, et al., supra. Until such time as Raceway can establish their basis to be a petitioner,

the court never reaches the problem in relation to the budget. Accordingly, the court enters the following

## ORDER

And now, February 27, 1973, the petition of Pocono International Raceway, Inc., is dismissed. Nothing in this opinion shall be construed to prohibit Pocono International Raceway, Inc., from challenging the constitutionality of the ordinance in such manner as they may have standing to contest the same.