City of Pittsburgh, a municipal corporation, and Joseph L. Cosetti, Treasurer, Appellants v. Royston Service, Inc., a Pennsylvania corporation, Appellee.

Argued May 2, 1978, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt and DiSalle.

*Grace S. Harris,* Executive Assistant City Solicitor, with her *Mead J. Mulvihill,* Jr., City Solicitor, for appellants.

*Dennis J. Lewis,* with him *Robert B. Williams,* and *Eckert, Seamans, Cherin & Mellott,* for appellee.

Opinion by President Judge Bowman, August 31, 1978:

On December 28, 1968, pursuant to The Local Tax Enabling Act, Act of December 31, 1965, P.L. 1257, *as amended,* 53 P.S. §6901 et seq., the City of Pittsburgh (City) enacted Ordinance No. 675, the "Business Privi-

lege Tax Ordinance'' (BPT), and Ordinance No. 676, "The Institution and Service Privilege Tax Ordinance" (ISPT). The effective date for both was February 1, 1969.

Respondent, Royston Service, Inc., began its operations in its present form on January 1, 1970, and is organized under Pennsylvania law as a corporation doing business for profit. Computer Systems Institute and the Art Institute of Pittsburgh are a subsidiary and a division of Royston respectively and provide educational services for which they charge fees.

The City commenced in the court below an action in assumpsit claiming deficiencies, penalties and interest under the BPT for the tax years 1971, 1972 and 1973. Royston counterclaimed for a refund, of taxes paid in those same years, purportedly under the ISPT. Royston argues that a 1970 amendment to the ISPT exempted it from said tax and further argues that both before 1970 and for the period in question it was also exempt from the BPT.[1]

On December 3, 1976, the parties having agreed to submission on a stipulation of facts, the court below entered a verdict in favor of Royston on its counterclaim. Exceptions were filed, overruled except as to

---

[1] Stipulation of Fact No. 13 provides:

The additional amounts of tax assessed is as follows:

| Year Due | Amount claimed by City to be due from Royston |
|---|---|
| 1971 | balance—$2,151.19 |
| 1972 | balance—$1,801.13 |
| 1973 | Penalty and interest for late filing— $ 89.93 |

These deficiencies resulted from Royston's exclusion from taxable gross receipts money attributable to a variety of government aid programs. Whether or not such exclusions were or are permissible under the ISPT is not an issue we need reach in view of our disposition of this appeal.

the amount of the verdict,[2] and this appeal by the City followed.[3]

Succinctly stated, the issue before this Court is whether, for the tax years 1971-73, Royston was subject to the BPT or the ISPT. An examination of both ordinances and the 1970 amendments to both, leaves no doubt that Royston was, indeed, subject to the BPT for the years in question. Accordingly, we reverse.

The Title of the BPT, *see* Statutory Construction Act of 1972, 1 Pa.C.S. §1924, states that the tax is imposed "upon the privilege of operating or conducting business in the City of Pittsburgh as measured by the gross receipts therefrom" and, under Section 3 of the BPT said tax shall be paid by "[e]very person engaging in any business in the City of Pittsburgh. . . ."

"Person" is defined in Section 2(b) as "any person, partnership, unincorporated association or *corporation,* nonprofit or otherwise." (Emphasis added). "Business" is defined in Section 2(c)(1) as

> carrying on or exercising *whether for gain or profit or otherwise* within the City of Pittsburgh any trade, business, including but not limited to financial business as hereinafter defined, profession, vocation, *service,* construction, communication or commercial activity, or making sales to persons or *rendering services* from or attributable to a Pittsburgh office or place of business. (Emphasis added.)

As originally enacted in 1968, Section 2(c)(2) excluded from the definition of "business," "any busi-

---

[2] Royston was awarded $22,443.19 on its counterclaim.

[3] By consent order dated March 5, 1976, this appeal was consolidated by the court below with *Ivy School of Professional Art, Inc. v. City of Pittsburgh,* docketed below to No. S.A. 83—1976 and docketed in this court at No. 1227 C.D. 1977. The two appeals were argued before us seriatim.

ness which is subject to the City of Pittsburgh mercantile tax; the business of any political subdivision, any employment for a wage or salary, any business upon which the power to levy tax is withheld by law."

"Gross receipts" is defined by Section 2(f), with exceptions not here applicable, as "[c]ash, credits, property of any kind or nature, received in or attributable to the City of Pittsburgh from any business . . . *or services rendered*. . . ." (Emphasis added).

The Title to the ISPT, *see* 1 Pa.C.S. §1924, states that the tax is to be imposed "upon the privilege of conducting or operating a service or service institution in the City of Pittsburgh as measured by the gross receipts derived from all service transactions. . . ." The tax is to be paid by "[e]very person or Institution engaging in any service in the City of Pittsburgh. . . ." Section 3 of the ISPT.

"Person" is defined in Section 2(b) as "[a]ny . . . corporation . . . providing service to the general public or any select or limited number thereof." "Service" is defined by Section 2(c) as "[c]arrying on or exercising within the City of Pittsburgh . . . educational . . . or any other type of service for which a charge is collected." Section 2(c) goes on to exclude from the definition of "service" "those services which are given free and without fee to the general public or part thereof."

Section 2(d) defines "institution" as "[a]ny . . . corporation . . . including but not limited to . . . schools other than elementary and secondary schools" but not including "any political subdivision, any agency of the Federal, State or local government, or any elementary or secondary school within the City of Pittsburgh."

As so originally enacted neither taxing ordinance specifically referred to the other nor contained a specific exclusion of one from the other. The significance

of this legislative oversight—if that it was—is not an issue in this appeal for the tax years in question which postdate the amendments to the two taxing ordinances, but is relied upon by Royston as to its taxable status after the amendments.

In 1970 the ISPT was amended by Ordinance No. 592, effective January 1, 1971. "Person" was redefined so as to be limited to "nonprofit" entities providing "service to the general public to any select or unlimited number thereof." Royston relies upon this amendment to support its counterclaim for a refund of excess ISPT taxes paid for the 1971-73 tax years.

The City argues that as a "business" Royston is included within the scope of the BPT. Section 2(c) of the BPT. Royston counters and the court below agreed, that prior to 1970 it was liable for the ISPT but not the BPT and that when the ISPT was amended in 1970 and the BPT was not, except for what the *parties* characterize as "procedural" matters, it, in effect, fell into a void covered by neither statute and that to now say that Royston must pay the BPT would be to extend the BPT by implication. *See generally Commonwealth v. Willson Products, Inc.,* 412 Pa. 78, 194 A.2d 162 (1963).

We need not address the parties' lengthy arguments on statutory construction for it is our view that the BPT is clearly applicable to Royston and if the words of a statute or ordinance are clear, the letter thereof will not be disregarded under the pretext of pursuing an unstated legislative intent. 1 Pa.C.S. §1921(b); *Francis v. Corleto,* 418 Pa. 417, 211 A.2d 503 (1965); *Marson v. City of Philadelphia,* 342 Pa. 369, 21 A.2d 228 (1941).

When the ISPT was amended in 1970, the BPT was simultaneously amended by Ordinance No. 594, effective also on January 1, 1971. Among the amendments

which the parties have characterized as "procedural," but which we view as substantive, "business" was redefined so as

> not to include the following: any business which is subject to the City of Pittsburgh mercantile tax on its entire gross receipts; *any business which is subject to the City of Pittsburgh Institution and Service Privilege Tax.* . . . (Emphasis added.)

We are not bound by this erroneous characterization. *George A. Fuller Co. v. City of Pittsburgh,* 15 Pa. Commonwealth Ct. 403, 327 A.2d 191 (1974).

For the tax years in question there can be no doubt that Royston was a "person" as defined in the BPT as amended nor that it was engaged in "business" as defined in the BPT. That a specific provision was inserted into the BPT as amended excluding from the definition of "business" persons subject to the amended ISPT does not make Royston any less a "business" subject to the BPT as it admittedly did not qualify for the exclusion. Being a person engaged in business subjected to the BPT it is liable therefor.

A search for the often illusory legislative intent is not to be pursued when the legislation subjects Royston to the BPT. It would be equally illusory to conclude that Royston, a person in business for profit, was intended to be freed of both the BPT and the ISPT or that these two ordinances when considered together with or without their prior legislative history requires such a result.

The City has stipulated that Royston at all times acted in good faith and paid the taxes it believed were due. As a penalty implies punishment for a wrongful or negligent act and is a matter of discretion for the Court, we shall, under the circumstances presented here, decline to sanction the imposition of penalties on

the deficiencies. *Clyde E. Speer Coal Corp. v. Pittsburgh School District,* 394 Pa. 176, 146 A.2d 284 (1958). Interest, however, is to be imposed. *Graybar Electric Co. v. Pittsburgh School District,* 378 Pa. 294, 106 A.2d 413 (1954).

ORDER

Now, August 31, 1978, the order of the lower court is hereby reversed, judgment entered on the verdict in favor of Royston Service, Inc. on its counterclaim is hereby set aside and the above appeal is hereby remanded for further proceedings and entry of judgment consistent with this opinion.

