## Gettysburg Borough v. The Retreat, Inc.

*Catherine J. Gault,* for plaintiff.

*Gerald E. Ruth,* for defendant.

SPICER *P. J.,* August 23, 1983—

### FINDINGS OF FACT

1. Plaintiff is the Borough of Gettysburg, Adams County, Pa.

2. Defendant is The Retreat, Inc., a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 25 Carlisle Street, Gettysburg, Pa.

3. In November 1979, defendant opened a restaurant night club known as "The Retreat," located at 25 Carlisle Street, Gettysburg, Adams County, Pa., and defendant has continuously operated The Retreat up to the date of the hearing on May 20, 1982.

4. The Retreat is within the boundaries of the Borough of Gettysburg.

5. Defendant has a state liquor license and amusement permit as well as an amusement license issued by plaintiff.

6. Defendant is subject to all applicable taxes imposed by the Commonwealth, including taxes on the serving of food and liquor.

7. Under the state Liquor Code and its regulations, defendant is not permitted, among other things, to:

a. serve alcohol to persons under 21 years of age.

b. allow persons under 21 years of age to be admitted without parent or guardian.

c. use a platform or other elevation upon which entertainers can be seen from the outside.

d. display more than one outside wall sign or advertisement.

e. allow any entertainer to contact or associate with the patrons of the establishment for any purpose.

f. allow any employee to contact or associate with the patrons of the establishment for any purpose, except as necessary in the actual serving of food and beverages.

g. hold contests or tournaments in which prizes are awarded, except under limited circumstances.

h. conduct amusements or entertainment except during permitted hours.

8. Under the authority of The Local Tax Enabling Act, 53 P.S. §6901, et seq., plaintiff adopted an Amusement Tax Ordinance on January 13, 1969. See Plaintiff's Exhibit No. 2, which is incorporated herein in its entirety.

9. Notice of intention to adopt the ordinance was published in The Gettysburg Times, a newspaper of general circulation in The Borough of Gettysburg,

on December 20, 1968, December 28, 1968, and January 3, 1969. See Plaintiff's Exhibit No. 7, which is incorporated herein in its entirety.

10. The notice did not explain the terms of the ordinance in any great detail. The notice also did not provide a citation for The Local Tax Enabling Act, but did refer to The Act in accordance with Section 1 of The Act.

11. On January 20, 1969, plaintiff advertised the ordinance in its entirety.

12. The ordinance is in plaintiff's ordinance book, although plaintiff could not produce the signed original.

13. Notice of the adoption of the ordinance was properly given to the Bureau of Municipal Affairs, although the exact form of notice and date of service could not be established.

14. From November 1979 to May 20, 1982, defendant had, from time to time, assessed a monetary charge upon the patrons for the privilege of entering its premises.

15. On the days and times when a charge of admission is made at The Retreat, the person is required to pay the fee designated for that night at the door prior to entering. The patron is also required to sign his or her name in a guest book at the door.

16. The admission fee fluctuates from $1 to $5 from night to night. Normally, the charge of admission is set to defray the cost of entertainment and varies with the cost of entertainment.

17. On nights that an admission fee is charged, defendant provides live music, dancing, or floor shows for no extra charge.

18. Free food has been provided customers at times admission charges are made, but the price of admission bears no relationship to the price or cost of the food.

19. On certain Thursday nights, defendant has sponsored a "Ladies' Night" or "People's Night," during which patrons receive free or half-priced drinks after paying an admission at the door. Thursday's charge is not set according to the value of the free or half-priced drinks. However, the amounts set forth in Defendant's Exhibit Nos. 8 and 9 can be allocated to the purchase of drinks, and defendant is entitled to a credit in the amount of $225.96 for 1980 and $158.71 for 1981 against tax owing.

20. Defendant paid amusement taxes to plaintiff on admissions collected during 1979.

21. The total admissions charged by defendant during the 1980 and 1981 calendar years were $77,972.71 and $71,698, respectively. During the 1980 calendar year, defendant made amusement tax payments to plaintiff totalling $556.65.

22. If defendant is subject to and required to pay tax to plaintiff, the amounts, excluding interest or penalty, would be as follows:

a. 1980 — $3,426.86   (without reduction for Ladies' Nights)
556.65   Less payment

$2,870.21   Net

b. 1981 — $3,441.52   (without reduction for Ladies' Nights or People's Nights)

23. Defendant has made no accounting to plaintiff for admissions charged or amusement taxes collected during 1982.

24. Plaintiff's Amusement Tax Ordinance classifies about ten categories of institutions, societies, organizations as being exempt from plaintiff's amusement tax. Plaintiff has no policy concerning entitlement to exemption. All questions concerning exemption status are referred to plaintiff's solicitor

and decided on an ad hoc basis.

25. The Majestic Theatre is located in the same building complex as defendant (and as such is within the boundaries of the Borough of Gettysburg), but plaintiff has not tried to collect the amusement tax on admissions to the Majestic Theatre's movies or musical concerts.

26. During 1980 and 1981, the following organizations, all located within the Borough of Gettysburg, advertised at least the activities set forth below, sometimes noting admission or cover charges:

    a. Elks Lodge: 4 Dances (1980, 1981)

                    1 Monte Carlo Night (1980)

    b. American Legion: 4 dances (1980)

                    1 Public dance (1981)

                    1 Karate Show (1981)

    c. Veterans of Foreign Wars: 2 Dances (1980)

    d. Moose Lodge: 2 Dances (1980)

    e. Eagles: 1 Dance (1981)

    f. Gettysburg College: 1 Dance (1980)

                    1 Concert (1980)

                    2 Dances (1981)

                    7 CPC Summer Theatre events (1980)

                    6 CPC Summer Theatre events (1981)

    g. Gettysburg Fire Department: 1 Dance (1980)

                    2 Dances (1981)

27. Plaintiff has not imposed, policed, collected, or received amusement taxes from the following types of organizations located within its boundaries: religious organizations; educational organizations, including Gettysburg College; fraternal organizations, including the Elks, Moose, and Eagles; fire companies; veterans' organizations; police and defense organizations; health organizations, including

Gettysburg Hospital; political organizations; men's or women's organizations, including the Y.W.C.A.; and miscellaneous organizations.

## CONCLUSIONS OF LAW

1. Plaintiff's Amusement Tax Ordinance was validly enacted in accordance with the requirements of The Local Tax Enabling Act, 53 P.S. §6901, et seq., and the Borough Code, 53 P.S. §45101, et seq., and has been, and continues to be, in full force and effect since its adoption on January 13, 1969.

2. The restaurant known as The Retreat, which is operated within the Borough of Gettysburg by defendant, is an amusement as defined in plaintiff's ordinance.

3. The charge levied on the patrons of The Retreat at the door is an admission fee and is subject to taxation under the ordinance.

4. Plaintiff's ordinance and The Local Tax Enabling Act, supra, are not violative of the uniformity clause of the Pennsylvania Constitution or of the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution.

5. The ordinance imposes no taxes upon any subject matter preempted by state taxation or licensing requirements.

6. Plaintiff has the authority under §6902 of The Local Tax Enabling Act to compel defendant to collect and remit the amusement tax to the Borough in accordance with the procedures set forth in the ordinance.

7. Plaintiff has imposed reasonable penalties and interest as authorized by §6922 of The Local Enabling Act.

8. Plaintiff is entitled to collect from defendant all applicable interest and penalties imposed under the

ordinance.

9. Defendant is obligated to remit to plaintiff the unpaid portion of plaintiff's five percent share of the amusement tax on the admissions paid during the 1980 calendar year, which amounts to $2,644.25, plus the interest and penalties as set forth in the ordinance.

10. Defendant is obligated to remit to plaintiff its five percent share of the amusement tax on the admissions paid during the 1981 calendar year, which amounts to $3,282.81, plus the interest and penalties set forth in the ordinance.

11. Plaintiff is entitled to an accounting from defendant for admissions collected during the 1982 calendar year and to payment of amusement taxes owed plaintiff on the same, plus the interest and penalties as set forth in the ordinance.

## DISCUSSION

We have treated this case, with the agreement of counsel in the same manner procedurally as an action in equity. We have done this in order to afford counsel the opportunity to define factual and legal issues. We note that we have previously ruled on many of the legal issues in a pretrial order and opinion.

Defendant has attacked the validity of the Borough ordinance because of argued defects in the procedure of passage and recordation. The taxing resolution was enacted under the authority of The Local Tax Enabling Act, 53 P.S. §6901 et seq., and several requirements were imposed by The Act which were in addition to the requirement of normal Borough legislation. It was required, for example, that the Borough advertise its intention to adopt the ordinance and to file a copy of the ordinance with the Department of Municipal Affairs within 15

days after enactment. (Sections 6904 and 6907)

Defendant contends that the advertisement of intention to adopt the ordinance did not fulfill the requirement of §6904 and that the ordinance is therefore invalid. As authority, it cites the case of Rollerdromes of America, Inc. v. Garnet Valley School District, 69 D. & C.2d 291 (1974). We agree that the notice published by the borough failed to comply with the standards imposed by the Delaware County court. Were we to follow Rollerdromes, we would be forced to find the ordinance invalid.

We decline, however, to follow Rollerdromes. While we have complete respect for the Delaware County court, we cannot agree that the statute requires the extensive and detailed explanations of the ordinance required in that case. In fact, it would seem to us that the entire ordinance, and not a summary of its substantial nature, would have to be published in order to comply with the requirements of that opinion.

We note that Garnet Valley School District interpreted the opinion as we do, because it apparently advertised the entire ordinance in its next attempt to enact a taxing resolution. This led the same court to remark that it was not necessary to advertise the whole ordinance in the notice. Concordville Hotel, Inc. et al. v. Garnet Valley School District, 63 Delaware Co. Rep. 201 (1976).

The notice published in our case was brief but did, in our opinion, describe the substantial nature of the tax. It is not very different from notices that have been held valid in such cases as D/K Beauty Supply, Inc. v. Huntingdon Township, 67 Pa. Commw. 163, 446 A.2d 986 (1982) and Bennett v. City of Johnstown, 17 Cambria Co. Rep. 61 (1952).

We are unimpressed by defendant's argument that the ordinance must fall because the notice did

not refer to The Act, supra, except by its popular name. Even if more was required, it would not have affected the validity of the ordinance. Such provisions, such as the one requiring that the notice specify that the ordinance is being enacted under authority of The Act, are directory only. Wilkes-Barre Appeal, 208 Pa. Super. 424, 222 A.2d 499 (1966). Furthermore, The Act itself, in section 1 (53 P.S. §6901), authorizes referral to The Act by its popular name.

The requirement that a certified copy of the statute be filed with the Bureau of Municipal Affairs has also been held to be directory. Board of Commissioners of Swatara Township v. Automatic Bowling Centers, Inc., 82 Dauphin Co. Rep. 170 (1964). See also, Deibert v. Rhodes, 291 Pa. 550, 140 Atl. 515 (1928). The borough introduced a letter from the Bureau indicating that filing had occurred. Defendant would have us require the Borough to prove the exact time of filing, some 13 years after its enactment, and to provide an exact copy of the ordinance filed. We will not require this to be done.

Defendant also contends that the borough must be required to produce the ordinance that was signed and approved when enacted. The ordinance is presumed to be valid. Bensalem Township School District v. Rose Bowl, Inc. 205 Pa. Super. 265, 209 A.2d 23 (1965). It would appear that the Borough has codified its ordinances. The ordinance appears in its ordinance books, albeit unsigned. Under these circumstances, defendant cannot overcome the presumption of validity by demanding the production of a signed original.

Defendant raises again the issue of conformity, both as it relates to the ordinance per se and to collections. It was defendant's burden to show that the ordinance "clearly, palpably and plainly" violated

uniformity requirements of the Commonwealth's Constitution, D/K Beauty Supply v. North Huntingdon Township, supra, or that enforcement of the resolution was deliberately and purposely discriminating. Commonwealth v. Molycorp., Inc., 481 Pa. 208, 392 A.2d 321 (1978).

We have discussed both of these issues in our pretrial order. The most that can be said about defendant's accomplishments at trial is that (1) the Borough has no standards by which it determines exemptions and (2) collections have been neglected, in some instances because of errors or oversights.

The procedure of referring doubtful and questioned cases to the borough solicitor does not make the taxing resolution invalid. It is a legal question whether an organization falls within an exempted status. That does not make the statute arbitrary on its face. Even if it adds to error in enforcement, errors and oversights are not sufficient grounds to invalidate the ordinance. Fisher Controls Company, Inc. v. Commonwealth, 476 Pa. 119, 381 A.2d 1253 (1977).

Defendant's attack upon criminal sanctions imposed by the statute is premature. It lacks standing, at this time, to do so. Philadelphia Facilities Management Corp. v. Biester, 60 Pa. Commw. 366, 431 A.2d 1123 (1981).

Defendant's last contentions relate to penalties and interest imposed by the ordinance. We also discussed this in our pretrial opinion. We do not find the penalty and interest to be excessive, harsh, or unusual under the facts of this case. The ordinance imposes a flat ten per cent penalty for nonpayment. Defendant's failure to pay has been of long duration and the penalty is justified. It has been held that a penalty of one per cent per month is not unusual or

harsh. Keystone Metal Company v. Pittsburgh, 374 Pa. 323, 97 A.2d 797 (1953). There may be instances in which a flat ten percent might be harsh, but this case is not such an instance.

We cannot accept defendant's suggestion that it should be excused from paying the penalty and interest. It has been held that good faith payment of taxes thought to be due will excuse a taxpayer from liability of a penalty. Clyde E. Speer Coal Corp. v. Pittsburgh School District, 394 Pa. 176, 146 A.2d 284 (1958). In our opinion, defendant has not shown such good faith.

Defendant's testimony was that its representative appeared at a Borough council meeting to discuss the tax, waited until the meeting was almost over, and was giving very little consideration. They were told that the Borough wanted all taxes which were due.

We have given defendant credit for a relatively insignificant amount of admissions, attributable to sales of beverages. These figures were defendant's own. At no time has defendant offered to pay the remainder of the tax imposed. Quite the contrary, defendant has refused to pay the tax and has mounted an attack on the validity of the ordinance.

Certainly, defendant was entitled to use every technical weapon in its arsenal to attack the ordinance. Penalties and interest were not so high as to discourage such attacks, no matter how ill-advised. However, once dust has settled, the penalties remain.

## VERDICT

The court finds in favor of plaintiff and against defendant in accordance with Conclusions of Law 9 and 10. The court retains jurisdiction to effectuate this verdict.